PEOPLE *v.* FISHER.

1. CRIMINAL LAW—PARDONS—LEGISLATURE MAY PROVIDE FOR A FINE AS A CONDITION OF PROBATION.
   The legislature, in providing, in 1 Comp. Laws 1915, § 2031, a uniform system of probation, with discretion in the court to impose a fine as a condition, with power to revoke and sentence, was within its power.

2. SAME—IMPOSING FINE AS CONDITION OF PROBATION IS NOT A SENTENCE.
   Under said statute, an order of probation is discretionary, tentative in nature, and in no sense a final disposition, for power to sentence, in case of breach, is expressly reserved, and, therefore, the imposing of a fine as a condition of said probation did not constitute a sentence.

3. SAME—VIOLATOR OF TERMS OF PROBATION PROPERLY SENTENCED.
   One convicted of crime and placed on probation under 1 Comp. Laws 1915, § 2031, who violated its terms, was properly brought before the court, the order of probation revoked, and sentenced to prison, notwithstanding he had already paid a fine as a condition of his probation.

Error to Macomb; Reid (Neil E.), J. Submitted January 13, 1927. (Docket No. 153.) Decided February 4, 1927.

Maurice Fisher was convicted of violating the liquor law, and after violating the terms of his probation was sentenced to imprisonment for not less than seven months nor more than one year in the State prison at Jackson. Affirmed.

*Edward N. Barnard,* for appellant.

*William W. Potter,* Attorney General, *James E. Spier,* Prosecuting Attorney, and *John E. Merrill,* Assistant Prosecuting Attorney, for the people.

[1]Criminal Law, 16 C. J. § 3044; [2]Id., 16 C. J. § 3044; [3]Id., 16 C. J. § 3044 (Anno).

Wiest, J.    Defendant was convicted, on his plea of guilty, of a violation of the prohibition law, and, June 25, 1924, placed on probation for the term of three years.    The probation order imposed mandatory statutory conditions and the court exercised a discretion, also authorized by statute, and required defendant to pay a fine of $300 and $100 costs within four months.

The statute (1 Comp. Laws 1915, § 2031), relative to a uniform system of probation, and then in force, provided that the court, in its discretion, might impose as a condition:

"That he shall pay immediately, or within the period of his probation, a fine imposed at the time of being placed on probation."

May 29, 1926, the court found defendant had violated the terms of his probation, revoked the order and issued a bench warrant to bring him before the court. July 28, 1926, defendant was brought before the court, and, upon a hearing, was found to have broken the terms of his probation and sentenced to a maximum term of one year, minimum of seven months, with a recommendation of seven months, in the State prison at Jackson.

Defendant reviews by writ of error, claiming the fine in the probation order constituted a sentence, and, therefore, the court could not thereafter sentence him to the State prison.    Decision turns upon whether the fine, imposed as a condition, in the order of probation, constituted, in point of law, a final sentence. Defendant points to the penalty of fine or imprisonment or both for his offense and claims the court adopted the penalty of a fine.    He is mistaken.    The scheme of probation is wholly of legislative determination, and somewhat in the nature of an evolution of suspension of sentence at common law.    In providing a uniform system of probation, with discretion in

the court to impose a fine as a condition, with power to revoke and sentence, the legislature kept within its power.    Under the statute, an order of probation is discretionary, tentative in nature and in no sense a final disposition, for power to sentence, in case of breach, is expressly reserved by the very law itself.

An ultimate or final judgment is not reached in a criminal case, following conviction, until the court pronounces a sentence, which leaves nothing to be done but enforcement.    In the case at bar, the order of probation was within the letter of the law, held sentence in abeyance, and defendant's violation of the terms and conditions imposed called for revocation of the order and exercise of the power of final judgment. The clemency of probation may well rest upon conditions authorized by the statute, and one convicted of crime and conditionally granted an opportunity to avoid sentence who proves recreant may not shield himself from punishment by asserting the condition imposed was the ultimate judgment of the court.

At the argument, it was conceded that Act No. 203, Pub. Acts 1925, amending the probation law, has no application to this case.

The opinion in *People* v. *Dudley,* 173 Mich. 389, treats of the purpose of probation and the power of the court to revoke and to sentence, and much there said is applicable to the case at bar.

No error.    Affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, CLARK, and MCDONALD, JJ., concurred.