CALHOUN v. MACOMB CIRCUIT JUDGE

1. CRIMINAL LAW—SENTENCE OF PROBATION—FINAL JUDGMENT OF CONVICTION.

   An order of probation is a tentative and amendable sentence and a final judgment of conviction.

2. SAME—SENTENCE OF PROBATION—TIME FOR APPEAL AS OF RIGHT.

   The time for appeal as of right to review a criminal conviction ends 60 days after the conviction is first executed by a sentence of imprisonment or fine or by a tentative sentence of probation (MCLA, §§ 600.308, 600.309; GCR 1963, 803.1).

3. SAME — SENTENCE OF PROBATION — APPEAL — APPLICATION FOR COUNSEL.

   Where a person is convicted and placed on probation, his probation is later revoked after he is convicted of a subsequent felony, and he is sentenced to imprisonment, and he thereupon moves for appellate counsel and transcript within 60 days of his sentence of imprisonment, the application for appointment of appellate counsel must be denied, since the time to appeal as of right ended 60 days after the conviction.

Original proceeding in Court of Appeals. Submitted Division 2 October 3, 1968, at Marquette. (Docket No. 4,400.) Decided December 31, 1968.

Complaint by Memory A. Calhoun against Alton H. Noe, Macomb County Circuit Judge, for super-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 562 et seq.
[2, 3] 4 Am Jur 2d, Appeal and Error § 292 et seq.

intending control to compel the trial court to appoint apellate counsel and provide a free trial transcript. Order of superintending control denied.

*Memory A. Calhoun, in propria persona.*

*George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for defendant.

PHILIP C. ELLIOTT, J.   Plaintiff seeks a writ[1] of superintending control to compel the trial court to appoint appellate counsel and provide a free trial transcript.   He was tried and convicted of forgery in 1965.   After a presentence investigation,[2] he was placed on two years' probation.[3]   At that time he was advised by the court of his right to timely appeal.[4]   Eighteen months later, shortly after conviction and sentence of another felony in another court, he had a probation violation hearing, and his probation order was revoked and he was sentenced to imprisonment.[5]

The trial court denied his motion for counsel and transcript, filed within 60 days of his sentence of imprisonment, because the time for appeal as of right, and the right, if indigent, of counsel to review his conviction had ended 60 days after he was placed on probation.   We agree; an order of probation is a tentative and amendable sentence and a final judgment of conviction.

---

[1] GCR 1963, 711.3(2).
[2] MCLA, § 771.14 (Stat Ann 1954 Rev § 28.1144).
[3] MCLA, § 771.1 (Stat Ann 1954 Rev § 28.1131).
[4] Former GCR 1963, 785.4, since repealed.
[5] MCLA, §§ 771.3, 771.4 (Stat Ann 1954 Rev §§ 28.1133, 28.1134).

The issues involved were recently considered by the Court of Appeals of Illinois in *People* v. *Nordstrom*:[6]

"There has long been confusion as to whether and when an appeal will lie if probation is granted. Prior to the adoption of the present Criminal Code, it was thought that the granting or denying of probation to an accused rested solely in the discretion of the trial court. * * * that upon the entry of an order for probation, the cause stood continued in the trial court during the probationary period and a reviewing court was without jurisdiction to hear any phase of the matter * * * and that the defendant had waived his right to appeal a conviction if he accepted probation. * * * Such views were finally put to rest in 1965 * * *. Presently an appeal will lie from the original judgment of conviction after probation is granted, and from an order revoking probation, if perfected according to the provisions of applicable statutes and court rules. The issues are separate and independent. An accused should not be coerced into waiving an appeal by accepting probation.

"As to when the time for an appeal starts to run, there likewise has been uncertainty. In the absence of a statute providing otherwise, an appeal will lie only from a final judgment. * * * In criminal cases, the sentence, in the legal sense, is usually treated as synonymous with final judgment. * * * In Illinois, it has been the practice, both prior to the adoption of the Code * * * and under the Code * * * to grant probation before sentence is imposed. If the defendant is admitted to probation, sentence is not then imposed.

"This has led to the contention that if probation is granted there is no final judgment from which an appeal will lie and, hence, the period for appealing

---

[6] *People* v. *Nordstrom* (1966), 73 Ill App 2d 168, 173–176 (219 NE2d 151, 154, 155), affirmed 37 Ill 2d 270 (226 NE2d 19).

a conviction cannot start to run until sentence is imposed. In *Toyosaburo Korematsu* v. *United States* (1943), 319 US 432 (63 S Ct 1124, 87 L Ed 1497) the Supreme Court considered the question. Previously in *Berman* v. *United States* (1937), 302 US 211 (58 S Ct 164, 82 L Ed 204), it had decided that an appeal would lie where sentence had been imposed but was suspended, and the defendant placed on probation. There was language in *Berman,* however, which indicated that the court accepted the proposition that in a criminal case the sentence was the final judgment, and thus by implication, the opinion suggested that an appeal would not lie if probation were granted prior to the imposition of sentence.

"In *Korematsu,* probation was granted prior to the imposition of sentence; and the court held that the judgment of guilt was equally final when the imposition of the sentence itself was suspended and the defendant placed on probation. The court noted that the probationary surveillance is the same whether or not sentence is imposed; that in either case the granting of probation follows a finding of guilt and is an authorized mode of mild and ambulatory punishment intended as a reforming discipline; that whether or not sentence is imposed in the granting of probation, the liberty of one 'judicially determined to have committed an offense' is abridged in the public interest; and that probation is intended to be a means to restore offenders who are good social risks to society and to afford the unfortunate another opportunity by clemency. The court concluded (319 US on page 435, 63 S Ct on page 1126), quoting in part from its prior decision in *Berman,* as follows:

' " 'In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation   *   *   *   on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined' " '   *   *   *   Here litigation

'on the merits' of the charge against the defendant has not only ended in a determination of guilt, but it has been followed by the institution of the disciplinary measures which the court has determined to be necessary for the protection of the public.'

"For a judgment to be final and appealable, it must terminate the litigation between the parties on the merits of the cause. It need not dispose of all the issues presented by the pleadings, but it must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy or some definite part thereof   *   *.   *   Certainly the judgment of guilty terminates the cause on the merits, and it is a final adjudication that the offense charged in the indictment was, in fact, committed by the defendant. If an accused is found guilty or enters a plea of guilty and is granted probation, the execution of the judgment is the continuance of the probation. We hold that the judgment of guilty is a final judgment and the time within which to perfect an appeal therefrom is not extended to such time as when the probation may be revoked."

The foregoing language is from the Court of Appeals decision; the Supreme Court of Illinois affirmed but noted that:

"*   *   *   the finality of a judgment of guilty without the imposition of sentence has been in the past a subject of semantic controversy   *   *   *"

The Supreme Court of Illinois further noted that its new code resolved the question in "accordance with prevailing legal opinion." The same result is also reached in other states by statute;[7] and the

─────────

[7] California Penal Code, § 1237; and see 24 CJS, Criminal Law § 1649, p 1007: "In a number of jurisdictions the rule, frequently embodied in statute, is that where sentence is suspended or its imposition deferred and accused is placed on probation, there is a final decision authorizing an appeal."

proposed Michigan Revised Criminal Code provides:[8]

"When a person is convicted of any offense, the court * * * may sentence him to a period of probation * * * The sentence is tentative to the extent that it may be altered or revoked * * * but for all other purposes it is a final judgment of conviction."

By permitting review of a conviction by appeal as of right although the convict was placed on probation, the innocent can correct an unjust conviction and obtain a new trial while witnesses are available; and, most likely, he can choose and hire his lawyer.

The 1963 Constitution added the right of appeal in a criminal case; art 1, § 20 now provides, in part:

"In every criminal prosecution, the accused shall have the right * * * to have an appeal as a matter of right."

Statistics[9] indicate that about 75% of all offenders *with no previous record* are placed on probation by the circuit courts for all crimes except the most serious; so, unless the conviction and probation sentence is a final judgment and appealable, nearly 3 out of 4 "first-offenders" would be denied the constitutional right of appeal unless they refused to be placed on probation or were later sentenced for violation of probation (revocation occurs in less than 10% of the cases of *all* persons placed on probation).

The Arizona court said, in *State* v. *Heron*,[10] it seems "harsh" that:

---

[8] Final Draft, Michigan Revised Criminal Code, § 1210(2).

[9] "Criminal Statistics" 1964, 1965, and 1966 of Michigan Department of Corrections (do not include statistics of Wayne County).

[10] (1962), 92 Ariz 114 (374 P2d 871).

"If he wants to test his conviction, he must give up his freedom and appeal from his cell";

and went on to say:

"We hold, therefore, that the judgment of guilty * * * is a final judgment from which an appeal may be taken even though the sentence or the imposition of sentence may have been suspended. The defendant must, of course, file a timely notice of appeal and abide by the procedures set out for the prosecution of appeals. He may not take the benefit of his probation and hold off on his appeal until, for instance, his probation is revoked."

However, the last quoted sentence of *Heron* is overruled in *State* v. *Veres*[11] because an Arizona Court rule provides:

"* * * except that an appeal from both judgment and sentence may be taken within sixty days after sentence is entered."

So now, in Arizona, a convicted criminal can appeal as of right both when placed on probation or when replaced by revocation of probation.

Michigan cases like *People* v. *Fisher* (1927), 237 Mich 504, and *People* v. *Good* (1938), 287 Mich 110, contain language, written in another context, that an order of probation is not a sentence nor a final judgment. However, now that a constitutional right of appeal is involved and because a person placed on probation stands "convicted" and suffers shame and other incidental consequences of that fact and always loses liberty and may be imprisoned (up to 6 months in jail or 1 year in camp), fined, required to pay restitution and costs and meet other conditions, we are persuaded by the reasoning of *Korematsu* and *Nordstrom, supra,* that under the Michi-

---

11 (1968), 7 Ariz App 117 (436 P2d 629).

gan statutes[12] and court rules,[13] the time for appeal as of right to review a criminal conviction ends sixty days after the conviction is first executed by a sentence of imprisonment or fine or by a tentative sentence of probation.

The petition for writ of superintending control is denied.

T. G. KAVANAGH, P. J., and McGREGOR, J., concurred.

---

[12] MCLA, §§ 600.308, 600.309 (Stat Ann 1962 Rev §§ 27A.308, 27A.309).

[13] GCR 1963, 803.1.