PEOPLE *v.* BROOKS

CRIMINAL LAW—MISDEMEANOR—APPOINTMENT OF COUNSEL—PROBA-
TION.

> Defendant on three years probation for robbery unarmed was
> entitled to the assignment of counsel if indigent at his trial
> for the subsequently committed misdemeanor of malicious
> destruction of property where conviction could result in revo-
> cation of probation and sentence to prison (CL 1948, §§ 750-
> .504, 750.530; CLS 1961, § 750.377a).

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 April 9, 1969, at Lansing. (Docket No. 5,387.) Decided April 21, 1969. Reconsideration denied May 28, 1969. Leave to appeal denied January 21, 1970. See 383 Mich 759.

Jack E. Brooks was convicted, upon his plea of guilty, of robbery unarmed. Defendant appeals. Remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Dennis C. Karas,* Assistant Prosecuting Attorney, for the people.

*Shaker Brackett,* for defendant on appeal.

BEFORE: J. H. GILLIS, P. J., and LEVIN and BRONSON, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 568.,

Per Curiam. The defendant was convicted upon his plea of guilty to a charge of robbery unarmed, MCLA § 750.530 (Stat Ann 1954 Rev § 28.798). At the time of sentencing, February 10, 1966, his attorney failed to appear. The defendant was placed on 3 years probation.

On April 4, 1967, defendant pled guilty before a justice of the peace to malicious destruction of property, MCLA § 750.377a (Stat Ann 1969 Cum Supp § 28.609[1]), a misdemeanor punishable by not more than 90 days imprisonment and a $100 fine or both, MCLA § 750.504 (Stat Ann 1954 Rev § 28.772). He was not represented by counsel.

On September 27, 1967, a bench warrant was issued for defendant charging that he violated the terms and conditions of his probation as follows:

"Violated term 1 of his probation order that he shall not violate any criminal law of the State of Michigan or any ordinance of any municipality, by being convicted in Justice Loren T. Hoyt's court for malicious destruction of property on April 4, 1967."

On October 4, 1967, defendant appeared before the circuit judge, acknowledged receipt of a copy of the document charging that he had violated the terms and conditions of his probation and pled guilty to such violation. The judge then noticed that the defendant was not represented by counsel. The hearing was adjourned and the court summoned the attorney who had represented the defendant when he pled guilty to unarmed robbery. After the attorney appeared, the hearing resumed. The attorney reiterated that the defendant pled guilty to the probation violation charged and thereafter defendant's probation was revoked and he was sentenced to a term of 10 to 15 years imprisonment.

On appeal defendant asserts that the probation sentence imposed February 10, 1966 and the conviction of malicious destruction of property were both invalid because he was not represented by counsel at the time those proceedings occurred.

We are persuaded that defendant, if indigent, was entitled to the assignment of counsel at the time of his trial for malicious destruction of property. In *People* v. *Mallory* (1967), 378 Mich 538, the Michigan Supreme Court held that an indigent misdemeanant was entitled to the assignment of counsel on appeal. In that case the defendant's parole had been revoked because of his misdemeanor conviction and thus, as a direct result of that conviction, he was required to resume serving a sentence previously imposed for a prior felony conviction.

In this case the factual situation is fundamentally identical. The repercussions on the defendant because of his misdemeanor conviction are no less severe than those suffered by Mallory. The defendant in this case was sentenced to a term of 10 to 15 years imprisonment as a direct result of his misdemeanor conviction for malicious destruction of property. Under the reasoning of the controlling opinions in *Mallory,* the defendant in this case was entitled, if indigent, to the assignment of counsel at his misdemeanor trial.*

An affidavit of the justice of the peace has been filed on behalf of the people stating that the defendant was told "he may acquire counsel if he wished to do so". Defendant filed an answering affidavit stating he has no recollection of being advised of his constitutional rights by the justice of the peace.

---

* Our holding in this case in no way conflicts with our Court's decision in *People* v. *Lewis* (1968), 15 Mich App 225. Unlike *Lewis,* where the defendant was sentenced for a simple misdemeanor conviction, in this case the defendant's misdemeanor conviction subjected him to a felony penalty.

This case is remanded to the circuit court for a testimonial hearing on the questions of defendant's indigency and whether he was offered and waived his right to assigned counsel. If it is determined that the defendant did not waive counsel, the trial judge shall set aside the defendant's conviction of malicious destruction of property and the order revoking his probation, and shall reinstate the defendant's probation without prejudice to further proceedings for the revocation of defendant's probation should defendant again be convicted of malicious destruction of property at a trial at which he is offered assigned counsel if indigent.

Remanded.