PEOPLE v. HAZEN

CRIMINAL LAW — PROBATION VIOLATION — RIGHT TO COUNSEL — INDIGENCY.

> One accused of probation violation must be advised by the court of his right to be represented by counsel, and, if indigent, to the appointment of assigned counsel.

Appeal from Gogebic, Donald L. Munro, J. Submitted Division 3 October 6, 1969, at Marquette. (Docket No. 6,609.) Decided October 28, 1969.

J. Hamilton Hazen's probation was revoked and he was sentenced for larceny and breaking and entering. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jerome C. Nadolney,* Prosecuting Attorney, for the people.

*Clifford A. Trethewey,* for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

PER CURIAM. The defendant's probationary sentence was revoked at a hearing during which he was not represented by counsel. The trial judge did not advise him of his right to counsel.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 322.

*Mempa* v. *Rhay* (1967), 389 US 128 (88 S Ct 254, 19 L Ed 2d 336) requires that the court advise one accused of probation violation of his right to be represented by counsel and, if indigent, to the appointment of assigned counsel. *People* v. *Marshall* (1969), 16 Mich App 578; *cf. People* v. *Brooks* (1969), 16 Mich App 759.

The revocation of the defendant's probation and sentence to prison is set aside and the cause is remanded for a hearing on the probation violation charge at which the defendant shall be advised of his right to be represented by counsel and, if indigent, to the appointment of assigned counsel.