PEOPLE v PICKETT

1. CRIMINAL LAW—APPEAL AND ERROR—CONVICTION—PROBATION—
   PROBATION VIOLATION.

   There is an appeal as of right both after the original conviction
   and the granting of probation and also after determination of
   violation of probation and imposition of penalty, the appeal in
   each case being limited to the matters surrounding the immedi-
   ate violation involved, *i.e.,* after original conviction to those
   matters relating to the original crime, after probation violation
   to those matters relating to the probation violation.

2. CONSTITUTIONAL LAW—CRIMINAL LAW—APPEAL AND ERROR.

   The general right guaranteed by a section of an article of the
   Michigan Constitution, which states in pertinent part that "[i]n
   every criminal prosecution, the accused shall have * * * an
   appeal as a matter of right * * * ", is at least one appeal
   (Const 1963, art 1, § 20).

3. CONSTITUTIONAL LAW—LEGISLATURE—SUPREME COURT—APPEAL
   AND ERROR—FINAL JUDGMENT—ORDERS—DECISIONS—STATUTES
   —COURT RULES.

   The Legislature and the Michigan Supreme Court have defined
   the constitutional authority to appeal as of right to lie from all
   final judgments, orders and decisions (Const 1963, art 1, § 20;
   MCLA 600.308, 600.309; GCR 1963, 806.1).

4. CRIMINAL LAW—SENTENCES—PROBATION VIOLATION—FINAL JUDG-
   MENT—APPEAL AND ERROR.

   Sentence imposed after a determination of violation of probation
   is a final judgment and an appeal as of right may be taken at
   that point.

5. CRIMINAL LAW—PROBATION—APPEAL AND ERROR—PROBATION VIO-
   LATION—SENTENCES.

   Reasons to grant an appeal as of right after the imposition of
   probation are persuasive and there is such an appeal as of

REFERENCES FOR POINTS IN HEADNOTES
[1–7] 4 Am Jur 2d, Appeal and Error § 161.
   21 Am Jur 2d, Criminal Law §§ 562–568.

right; however, such appeal as of right is not exclusive of an appeal as of right after determination of a probation violation and prison sentence.

6. CRIMINAL LAW—CONVICTION—PROBATION—PROBATION VIOLATION—SENTENCES—COURT RULES.

An appeal as of right is available either after conviction and imposition of probation or after determination of probation violation and prison sentence; therefore, two such appeals as of right are available under the conditions prescribed by court rule.

7. CRIMINAL LAW—APPEAL AND ERROR—PROBATION VIOLATION—SENTENCES—HEARING.

Appeal as of right following determination of probation violation and sentence must necessarily be limited to those matters relating to the probation violation and the hearing thereon.

Appeal from Court of Appeals, Division 1, V. J. Brennan, P. J., and J. H. Gillis and O'Hara, JJ., from order dismissing claim of appeal from Recorder's Court of Detroit, Elvin L. Davenport, J. Submitted December 4, 1973. (No. 8 December Term 1973, Docket No. 54,795.) Decided March 19, 1974.

William Pickett was convicted, on his plea of guilty, of assault with intent to rob being armed and he was placed on probation. Probation revoked and defendant sentenced. Defendant appealed to the Court of Appeals. Appeal dismissed. Defendant appeals. Reversed and remanded to the Court of Appeals.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

WILLIAMS, J. This is a case of first impression in this Court.

The issue is: At what point is there an appeal as of right where there has been probation after conviction and the violation of that probation. More specifically, is there an appeal as of right: (1) When a defendant is placed on probation after conviction? (2) When a defendant is given a penalty when he has been found to have violated his probation?

An additional issue, if there is an appeal as of right at the time of penalty after probation violation, what are the parameters of that appeal—does it cover everything from the commission of the original crime? Does it cover only the commission of the probation violation and thereafter?

As not infrequently, not only is there a strictly legal problem involved, there are also very practical problems involved for the defendant, the prosecution and the court. Practically if the defendant is given probation after conviction, he is not too much concerned about an appeal of right at that time. He faces no immediate prospect of imprisonment, and that is what matters to him. Actually, there are very, very few appeals as of right sought at this time.[1] On the other hand, with the prison doors about to swing open for him after determination of a probation violation, the defendant very often is concerned about an appeal as of right. The prosecution and the courts have an administration of justice problem if there is an appeal as of right after determination of a probation violation, if that means that the defendant may rake up alleged errors going back to the original conviction

[1] Recorder's court records indicate that from 1970 to 1973, both inclusive, there were only 3 appeals taken from conviction and order of probation while, during the same period, 35 appeals were taken by those found to have violated their probation.

and beyond that to arrest, etc. Since a period of years may very well be involved, the problems of finding witnesses in our mobile society, the state of their memory, the availability of records and exhibits, etc., are very real and very significant.

We hold that there is an appeal as of right both after the original conviction and the granting of probation and also after determination of violation of probation and imposition of penalty, the appeal in each case being limited to the matters surrounding the immediate violation involved, *i.e.,* after original conviction to those matters relating to the original crime, after probation violation to those matters relating to the probation violation.

## I —FACTS

Defendant, originally charged with robbery armed, pled guilty on May 17, 1971, to assault with intent to rob being armed. On June 7, 1971, he was placed on three years of probation. He did not appeal this conviction.

On September 20, 1972, the trial judge found that defendant had violated the terms of his probation by not reporting to his probation officer and failing to pay court costs which had been made a part of his probation. Probation was revoked, and defendant was sentenced from 3 to 15 years. On October 11, 1972, defendant petitioned for counsel as an indigent and counsel was appointed on January 4, 1973.

Defendant then sought an appeal as of right to the Court of Appeals, and filed a claim of appeal on January 30, 1973. This claim was dismissed on order of the Court of Appeals relying on *Calhoun v Macomb Circuit Judge,* 15 Mich App 416, 423; 166 NW2d 657 (1968), which held "the time for appeal

as of right * * * ends sixty days after the convic-
tion is first executed * * * by a tentative sentence
of probation." We granted leave on June 28, 1973.
389 Mich 813.

## II —AUTHORITY FOR APPEAL AS OF RIGHT

Const 1963, art 1, § 20 states in pertinent part:

"In every criminal prosecution, the accused shall
have * * * an appeal as a matter of right; * * * ."

This was a new right given to defendants in
criminal prosecutions.[2] As such, it was given care-
ful consideration by the delegates to the Constitu-
tional Convention. One question which arose was
whether the language "an appeal" meant *one*
appeal. The committee comment to this section
closed as follows:

"We desire to grant the status of a categorical consti-
tutional right to *at least one* appeal in a criminal case.
We do not intend to restrict the legislature in its power
to provide by law for additional appeals." 1 Official
Record, Constitutional Convention 1961, p 469. (Empha-
sis added.)

During debate on this section, an amendment
was offered which would have stricken the word
"an" before the word "appeal" and replaced it
with the word "one". One of the delegates spoke in
opposition to the amendment:

"MR. HODGES: Speaking in opposition to the Madar
amendment, I think we again find ourselves with the
same problem. We would be limiting the legislature's
right to set up further appeals if they want. We are not

---

[2] The related sections in previous constitutions contained no such
right. *See* Const 1835, art 1, §§ 10, 11; Const 1850, art 6, § 28; Const
1908, art 2, § 19.

here in the bill of rights trying to set up limitation of rights but rather to give rights. We are setting a floor here by saying an appeal is a matter of right. *If the legislature wants to give more than one later on, that's their prerogative.* What we are interested in is giving an appeal as a matter of right." 1 Official Record, Constitutional Convention 1961, p 567. (Emphasis added.)

By a voice vote, the amendment was defeated. No attempt was made to constrain the Legislature from broadening this right. The general right guaranteed by art 1, § 20 of the Michigan Constitution, therefore, is "at least one appeal".

The Legislature spoke to this right by enacting two statutes. 1968 PA 116, § 1; MCLA 600.308; MSA 27A.308 states:

"The court of appeals has jurisdiction on appeals from: (1) All final judgments from the circuit courts, court of claims, and recorder's court, except judgments on ordinance violations in the traffic and ordinance division of recorder's court. Appeals from final judgments from all other courts and from convictions for ordinance violations in the traffic and ordinance division of recorder's court shall be taken to the circuit courts, upon which further review may be had only upon application for leave to appeal granted by the court of appeals. (2) Such other judgments or interlocutory orders as the supreme court by rule may determine."

1964 PA 281, § 309; MCLA 600.309; MSA 27A.309 states:

"All appeals to the court of appeals from final judgments or decisions permitted by this act shall be a matter of right. All other appeals from other judgments or orders to the court of appeals permitted by statute or supreme court rule shall be by right or by leave as provided by the statute or the rules promulgated by the supreme court."

The constitutional guaranty is further effectuated by GCR 1963, 806.1 which reads in part:

"In all criminal and civil matters, an aggrieved party shall have a right to appeal from all final judgments or final orders from the Circuit Courts, Court of Claims and Recorder's Court, except judgments on ordinance violations in the Traffic and Ordinance Division of Recorder's Court."

The Legislature and this Court have defined the constitutional authority to appeal as of right to lie from all final judgments, orders and decisions. The question then is to apply this definition to the facts of this case.

### III —IS IMPOSITION OF PENALTY AFTER DETERMINATION OF PROBATION VIOLATION A FINAL JUDGMENT, ORDER OR DECISION?

The issue in this case arises from the attempt of the defendant to claim an appeal as of right from the imposition of a penalty following determination of violation of probation. As our analysis of the constitution, legislation and court rules indicates, whether the defendant at this point can appeal as of right depends upon whether the imposition of penalty after the determination of probation violation is a final judgment, order or decision.

Defendant argued that the imposition of imprisonment after violation of probation is the final judgment, order or decision. Defendant refers to *People v Fisher,* 237 Mich 504, 506; 212 NW 70 (1927). We quote therefrom as follows:

"Under the statute, an order of probation is discretionary, tentative in nature and in no sense a final disposition, for power to sentence, in case of breach, is expressly reserved by the very law itself.

"An ultimate or final judgment is not reached in a criminal case, following conviction, until the court pronounces a sentence, which leaves nothing to be done but enforcement. In the case at bar, the order of probation was within the letter of the law, held sentence in abeyance, and defendant's violation of the terms and conditions imposed called for revocation of the order and exercise of the power of final judgment."

The prosecution, on the other hand, argued that the order imposing probation is the final judgment, relying on *Calhoun v Macomb Circuit Judge,* 15 Mich App 416, 422–423; 166 NW2d 657 (1968). We quote from that decision as follows:

"Michigan cases like *People v. Fisher* (1927), 237 Mich 504, and *People v. Good* (1938), 287 Mich 110 [282 NW 920], contain language, written in another context, that an order of probation is not a sentence nor a final judgment. However, now that a constitutional right of appeal is involved and because a person placed on probation stands 'convicted' and suffers shame and other incidental consequences of that fact and always loses liberty and may be imprisoned (up to 6 months in jail or 1 year in camp), fined, required to pay restitution and costs and meet other conditions, we are persuaded by the reasoning of *Korematsu* and *Nordstrom [People v Nordstrom,* 73 Ill App 2d 168; 219 NE2d 151 (1966)], *supra,* that under the Michigan statutes and court rules, the time for appeal as of right to review a criminal conviction ends sixty days after the conviction is first executed by a sentence of imprisonment or fine or by a tentative sentence of probation."

It is difficult to say that defendant here in receiving a prison term after the determination of his violation of probation has not suffered a final judgment, order or decision. In the words of *Fisher* he has reached that point where "the court pronounce[d] a sentence, which leaves nothing to be done but enforcement". 237 Mich 504, 506. Inci-

dentally, the United States Supreme Court used practically the same words in *Korematsu v United States,* 319 US 432, 435; 63 S Ct 1124; 87 L Ed 1497 (1943), quoting from *Berman v United States,* 302 US 211, 212–213; 58 S Ct 164; 82 L Ed 204 (1937) as follows:

"In criminal cases, as well as civil, the judgment is final for the purpose of appeal 'when it terminates the litigation . . . on the merits' and 'leaves nothing to be done but to enforce by execution what has been determined.' "

The court has obviously rendered its final judgment because after sentence the prison authorities take over.

We reach the conclusion, therefore, and hold that the sentence imposed after a determination of violation of probation is a final judgment and that an appeal as of right may be taken at that point.

## IV —IS IMPOSITION OF PROBATION AFTER CONVICTION A FINAL JUDGMENT, ORDER OR DECISION?

We come then as a result of our analysis of the constitution, legislation and court rules to the question whether the imposition of probation after conviction of the original crime is a final judgment, order or decision.

As already noted above, our Court of Appeals in *Calhoun,* held that the imposition of probation after conviction constitutes a final judgment, order or decision, persuaded by the reasoning in the United States Supreme Court case of *Korematsu* and the Illinois Court of Appeals case, *People v Nordstrom,* 73 Ill App 2d 168; 219 NE2d 151

(1966), *aff'd* 37 Ill 2d 270; 226 NE2d 19 (1967), which also relies on *Korematsu.*

In *Korematsu v United States,* 319 US 432; 63 S Ct 1124; 87 L Ed 1497 (1943), the question was whether a judgment was final when the imposition of sentence itself was suspended and the defendant placed on probation. Here the 9th Circuit Court of Appeals was unsure whether this was a final judgment over which they could assert jurisdiction. The United States Supreme Court stated:

"It has often been said that there can be no 'final judgment' in a criminal case prior to actual sentence, *Miller v. Aderhold,* 288 U. S. 206, 210 [53 S Ct 325; 77 L Ed 702 (1933)]; *Hill v. Wampler,* 298 U. S. 460, 464 [56 S Ct 760; 80 L Ed 1283 (1936)], and this proposition was restated in *Berman v. United States,* 302 U. S. 211, 212. In applying this general principle to a situation like that of the instant case, the Second and Fourth Circuit Courts of Appeals have concluded that they lacked jurisdiction to hear an appeal from an order placing a defendant on probation without first imposing sentence. *United States v. Lecato,* 29 F. 2d 694, 695 [(CA 2, 1928)]; *Birnbaum v. United States,* 107 F. 2d 885 [(CA 4, 1939)]. The Fifth Circuit appears to take the opposite view. *Nix v. United States,* 131 F. 2d 857 [(CA 5, 1942)].

"The 'sentence is judgment' phrase has been used by this Court in dealing with cases in which the action of the trial court did not in fact subject the defendant to any form of judicial control. Thus in *Miller v. Aderhold, supra,* imposition of sentence was suspended and the defendant was put under no obligation at all. Hence the Court held that there was no jurisdiction to hear the appeal. But certainly when discipline has been imposed, the defendant is entitled to review.

"In the *Berman* case, *supra,* we held that the appeal was proper where the sentence was imposed and suspended, and the defendant was placed on probation. The probationary surveillance is the same whether or not sentence is imposed. In either case, the probation order follows a finding of guilt or a plea of nolo conten-

dere. Thereafter, the defendant must abide by the orders of the court. He must obey the terms and conditions imposed upon him, or subject himself to a possible revocation or modification of his probation; and under some circumstances he may, during the probationary period, be required to pay a fine, or make reparation to aggrieved parties, or provide for the support of persons for whom he is legally responsible. 18 U. S. C. § 724. He is under the 'supervision' of the probation officer whose duty it is to make reports to the court concerning his activities, 18 U. S. C. § 727, and at 'any time within the probation period the probation officer may arrest the probationer wherever found, without a warrant, or the court which has granted the probation may issue a warrant for his arrest.' 18 U. S. C. § 725. These and other incidents of probation emphasize that a probation order is 'an authorized mode of mild and ambulatory punishment, the probation being intended as a reforming discipline.' *Cooper v. United States,* 91 F. 2d 195, 199 [(CA 5, 1937)].

"The difference to the probationer between imposition of sentence followed by probation, as in the *Berman* case, and suspension of the imposition of sentence, as in the instant case, is one of trifling degree. Probation, like parole, 'is intended to be a means of restoring offenders who are good social risks to society; to afford the unfortunate another opportunity by clemency,' *Zerbst v. Kidwell,* 304 U. S. 359, 363 [58 S Ct 872; 82 L Ed 1399 (1938)], and this end is served in the same fashion whether or not probation is preceded by imposition of sentence. In either case, the liberty of an individual judicially determined to have committed an offense is abridged in the public interest. 'In criminal cases, as well as civil, the judgment is final for the purpose of appeal "when it terminates the litigation . . . on the merits" and "leaves nothing to be done but to enforce by execution what has been determined." ' *Berman v. United States, supra,* 212, 213. Here litigation 'on the merits' of the charge against the defendant has not only ended in a determination of guilt, but it has been followed by the institution of the disciplinary measures which the court has determined to be necessary for the protection of the public." 319 US 432, 434–435.

We agree with the Court of Appeals in *Calhoun* that the reasons to grant an appeal as of right after the imposition of probation are persuasive and hold that there is such an appeal as of right. However, we obviously disagree with the opinion that such appeal as of right is exclusive of an appeal as of right after determination of a probation violation and prison sentence.

## V —TWO APPEALS AS OF RIGHT

Our analysis reaches the conclusion that an appeal as of right is available either after conviction and imposition of probation or after determination of probation violation and prison sentence. In Part II we concluded that the constitution, statutes and court rules recognized the possibility of more than one appeal as of right. We therefore hold that the two such appeals as of right are available under the conditions prescribed by court rule.

## VI —SCOPE OF APPEAL AS OF RIGHT

Obviously the scope of appeal as of right following original conviction and probation can only cover matters arising up to that time. Since we have held that there is the just described appeal as of right, we hold that the appeal as of right following determination of probation violation and sentence must necessarily be limited to those matters relating to the probation violation and the hearing thereon. We have given defendant the opportunity to raise any questions concerning his trial on his first appeal as of right. To allow him to raise trial related matters on this second appeal would, in effect, be granting two rights of appeal to the same final determination and make the 60-day

requirement of GCR 1963, 803.1 in taking an appeal as of right meaningless. See *People v Nordstrom,* 73 Ill App 2d 168; 219 NE2d 151 (1966); *Gossett v State,* 282 SW2d 59 (Tex Crim App, 1955).

The Arizona Supreme Court in a pair of cases dealing with the problems faced here came to similar legal conclusions. In *State v Heron,* 92 Ariz 114; 374 P2d 871 (1962), defendant was convicted, placed on probation and appealed therefrom. The state moved to dismiss the appeal on the basis that no final judgment had been entered since defendant had not been sentenced. The Court held that under their rules of criminal procedure a judgment of guilty was a final judgment from which an appeal could be taken even though the sentence or the imposition of the sentence had been suspended. The Court also stated:

"The defendant must, of course, file a timely notice of appeal and abide by the other procedures set out for the prosecution of appeals. He may not take the benefit of his probation and hold off on his appeal until, for instance, his probation is revoked."

In *State v Osborn,* 107 Ariz 295; 486 P2d 777 (1971), defendant was convicted and placed on probation. Eighteen months later his probation was revoked and he appealed claiming error at his trial while raising no error as to the sentence or revocation hearing.

The Court held that there was an appeal as of right after conviction and probation but that such appeal had to be taken within 60 days of guilt. It also held there was an appeal as of right after revocation of probation. The Court held:

"After the revocation of probation the defendant could have appealed from the sentence imposed or any

issues raised by the revocation of his probation. We hold, however, that an appeal from the judgment of guilt must be taken within sixty days after a judgment of guilt and probation is entered and that the suspension of the sentence in nowise extends the time for filing such appeal." 107 Ariz 295–296; 486 P2d 777, 778. See also *State v Ward,* 108 Ariz 288; 496 P2d 588 (1972).

The case is reversed and remanded to the Court of Appeals for further proceedings not inconsistent with this opinion.

T. M. Kavanagh, C. J., and T. G. Kavanagh, Swainson, Levin, and M. S. Coleman, JJ., concurred with Williams, J.

J. W. Fitzgerald, J., did not sit in this case.