PEOPLE v JOHNSON

Docket No. 77-3737. Submitted November 20, 1978, at Detroit.—Decided December 6, 1978.

Richard L. Johnson was convicted of attempted carnal knowledge of a female over the age of 16 and placed on five years probation. Subsequently, he was convicted of assault and battery and his probation was ordered revoked, predicated on the second conviction, Recorder's Court of Detroit, Donald L. Hobson, J. The defendant appeals, raising the issue of whether at the probation revocation hearing the defendant was entitled to collaterally attack the second conviction which formed the basis for the charge of probation violation. *Held:*

The defendant was not entitled to collaterally attack, at the probation revocation hearing, the conviction which formed the basis of the probation violation charge because the only way to challenge the propriety of the underlying conviction is by way of direct appeal.

Affirmed.

CRIMINAL LAW—PROBATION REVOCATION—PROBATION VIOLATION—CRIMINAL CONVICTION—COLLATERAL CHALLENGE.

A defendant who, while on probation, was convicted of a crime in violation of the conditions of his probation is not entitled to challenge, at his probation revocation hearing, the validity of the conviction which forms the basis for the charge of probation violation; the only proper manner to challenge the propriety of the underlying conviction is by way of direct appeal.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 567, 568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

Comment note—Procedural requirements, under Federal Constitution, applicable to revocation of probation or parole. 36 L Ed 2d 1077.

Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*William A. House,* for defendant on appeal.

Before: D. C. RILEY, P.J., and BRONSON and T. GILLESPIE,* JJ.

PER CURIAM. Defendant appeals as of right from an order revoking his probation. The revocation was predicated on defendant's conviction of a crime in violation of the conditions of his probation. The sole issue on appeal is whether at the probation revocation hearing defendant is entitled to collaterally attack the validity of the conviction which forms the basis for the charge of probation violation. In *People v Clements,* 72 Mich App 500; 250 NW2d 100 (1976), we answered this question in the negative and declared that the only proper manner to challenge the propriety of the underlying conviction is by way of direct appeal. In the respect that *People v Brooks,* 16 Mich App 759; 168 NW2d 658 (1969), can be construed as holding that questions concerning the validity of the conviction may be raised at the revocation hearing, it is no longer controlling. See *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974).

Affirmed.

---

* Circuit judge, sitting on the Court of Appeals by assignment.