PEOPLE v OLAH

Docket No. 77-1723. Submitted March 6, 1979, at Detroit.—Decided
May 23, 1979. Leave to appeal applied for.

Johnnie J. Olah was convicted of felonious assault and was placed
on probation. He was subsequently convicted of two misde-
meanors, and it was alleged that he had failed to pay costs and
restitution as required in the order of probation. A probation
revocation hearing was held at which defendant was repre-
sented by counsel. He was found guilty of probation violation.
As a consequence, his probation was revoked and he was
sentenced to prison, Wayne Circuit Court, William J. Giovan, J.
Defendant appeals, alleging that the trial court erred in consid-
ering the misdemeanor convictions because the convictions
were invalid as he was indigent and was not offered the
assistance of counsel at any of the proceedings in connection
with the misdemeanor convictions. *Held:*

The misdemeanor convictions are not invalid. In each case
the defendant paid a fine and served no time in jail or in
prison. The Constitution requires only that an indigent may
not be sentenced to prison unless afforded the right to ap-
pointed counsel. The fact that the defendant was not offered
the assistance of counsel in the proceedings on the misdemean-
ors does not invalidate the misdemeanor convictions because a
term of imprisonment was not the inevitable result of those
convictions.

Affirmed.

CRIMINAL LAW — CONSTITUTIONAL LAW — ASSISTANCE OF COUNSEL —
IMPRISONMENT — MISDEMEANORS.

An indigent criminal defendant who has not been afforded the
right to assistance of appointed counsel may not be sentenced
to a term of imprisonment; a conviction for a misdemeanor for
which a defendant paid a fine and did not serve time in jail or
in prison is not rendered constitutionally infirm by the fact

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 318.
Constitutionally protected right of indigent accused to appointment
of counsel in state court prosecution. 93 ALR2d 747.

that the defendant, allegedly an indigent, was not offered the assistance of counsel (US Const, Ams VI, XIV).

*Rolf E. Berg,* Assistant State Appellate Defender, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and T. M. BURNS and R. M. MAHER, JJ.

PER CURIAM. Defendant appeals as of right from an order of the Wayne County Circuit Court, dated January 24, 1977, revoking his probation and sentencing defendant to a term in prison of from 16 months to 4 years with credit given for 257 days spent in custody.

The basis for defendant's probation was a December, 1974 jury verdict finding him guilty of felonious assault contrary to MCL 750.82; MSA 28.277. Thereafter, on February 24, 1975, defendant was placed on 2 years probation.

The conditions of defendant's probation were that he spend the first 6 months of the probation period in the Detroit House of Correction, that he pay costs of $345 in equal monthly installments beginning 30 days after his release from confinement and that he make restitution in the amount of $182 within 6 months of his release. A further condition of probation was that defendant not violate any criminal laws or ordinances.

Defendant appealed his conviction for felonious assault and this Court affirmed, Docket No. 23601, December 5, 1975 (unreported).

Thereafter, on October 29, 1976, a petition was filed charging defendant with violation of the terms of his probation. Specifically, the petition alleged that defendant was convicted of two misdemeanors, the first being a December 18, 1975, conviction under the Controlled Substances Act in

the 19th District Court and the second being a July 27, 1976, conviction for possession of marijuana under a Detroit city ordinance in the Recorder's Court, Traffic and Ordinance Division. The petition further alleged that defendant failed to pay court costs and restitution as required by the terms of probation. The trial court found defendant guilty of probation violation on all counts.

On appeal defendant asserts that the trial court erred in considering his misdemeanor convictions. He maintains, citing *Argersinger v Hamlin,* 407 US 25; 92 S Ct 2006; 32 L Ed 2d 530 (1972), that these convictions were constitutionally infirm in that he was indigent, was not offered the assistance of counsel and did not waive counsel at any stage of the proceedings connected with his misdemeanor convictions. Defendant argues persuasively that constitutionally infirm convictions may not serve as a basis for revoking probation, analogizing to the sentence enhancement and impeachment cases. See *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). The argument fails, however, because defendant's convictions are not constitutionally infirm.

We note that on each occasion defendant paid the assessed fine and did not serve time in jail or in prison. In *Scott v Illinois,* — US —; 99 S Ct 1158, 1162; 59 L Ed 2d 383, 389 (1979), the United States Supreme Court clarified its decision in *Argersinger, supra,* saying:

"Although the intentions of the *Argersinger* Court are not unmistakably clear from its opinion, we conclude today that *Argersinger* did indeed delimit the constitutional right to appointed counsel in state criminal proceedings. Even were the matter *res nova,* we believe that the central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from

fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. *Argersinger* has proved reasonably workable, whereas any extension would create confusion and impose unpredictable, but necessarily substantial, costs on 50 quite diverse States. We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." (Footnotes omitted.)

Thus, since defendant's convictions were not constitutionally infirm, his argument that the misdemeanor convictions could not be considered at his probation revocation proceeding must fail.

Defendant, however, advances the argument that he was sentenced to prison for probation violation as a result of the misdemeanor convictions, and that this renders these convictions infirm for lack of counsel. We disagree. Defendant was sentenced to a term of imprisonment, not for committing the misdemeanors, but for committing the felony of felonious assault, and thereafter violating the terms of his probation.[1] It is true that the misdemeanors were the cause of the revocation of defendant's probation, and the revocation of probation resulted in the sentence of imprisonment. However, revocation of defendant's probation was by no means the inevitable result of the misdemeanor convictions. Defendant's probation

[1] *People v Brooks,* 16 Mich App 759; 168 NW2d 658 (1969), apparently holds that a probationer is entitled to counsel at a misdemeanor trial at least in part because he may be imprisoned thereafter for probation violation. We note that the *Brooks* Court did not have the benefit of the explanation of *Argersinger v Hamlin* provided in *Scott v Illinois.* To the extent that *Brooks* is inconsistent with this opinion, we decline to follow it.

was revoked only after a hearing at which he was afforded the opportunity to present evidence in his defense or in mitigation of the apparent violation of which he was accused. Defendant was afforded assistance of counsel at this hearing, as well as at his trial on the original felony charge. At every stage of the proceedings at which he could have suffered the penalty of imprisonment, therefore, defendant had his constitutional right to counsel.

Because we find that defendant's probation was properly revoked on the basis of his valid misdemeanor convictions, we do not reach his other claim of error.

Affirmed.