PEOPLE v HOLIDAY

Docket No. 50641. Submitted January 20, 1981, at Detroit.—Decided March 5, 1981.

Billie Holiday pled guilty to a charge of felonious assault in Detroit Recorder's Court and was sentenced to probation for four years, Michael J. Connor, J. At that time, defense counsel argued that the court had indicated that if defendant would plead guilty she would be sentenced to probation for two years. Within two years, however, defendant was charged with a violation of probation, to which she pled guilty. Defendant was then sentenced to 32 to 48 months incarceration. She was not advised of her right to appeal her sentence for probation violation. On appeal, defendant claims error in the original sentencing on the felonious assault conviction and in the failure of the trial court to advise her of her right to appeal her sentence for probation violation. *Held:*

1. Defendant did not timely appeal her original sentence and may not now appeal that matter. Any error which may have occurred pertaining to the conflict between whether a two-year or four-year period of probation had been agreed upon originally would be harmless error because the probation violation occurred within two years after the conviction and sentencing on the felonious assault charge.

2. Any error committed by the court in failing to advise the defendant of her appeal rights was harmless since defendant's appeal was timely filed.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 302 *et seq.*

[2] 4 Am Jur 2d, Appeal and Error §§ 161, 274.

21 Am Jur 2d, Criminal Law §§ 566-568.

When criminal case becomes moot so as to preclude review of or attack on conviction or sentence. 9 ALR3d 462.

[3] 21 Am Jur 2d, Criminal Law § 568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

1. CRIMINAL LAW — ENTRY OF JUDGMENT — APPOINTMENT OF COUNSEL — DENIAL OF MOTION — RIGHT TO APPEAL — COURT RULES.

The right to appeal a criminal conviction expires 60 days after entry of judgment, appointment of appellate counsel or denial of a motion for a new trial, whichever occurs last (GCR 1963, 803.1).

2. CRIMINAL LAW — APPEAL — CONVICTION — PROBATION — PROBATION VIOLATION.

There is an appeal as of right both after the original conviction and the granting of probation and also after determination of violation of probation and imposition of penalty, the appeal in each case being limited to the matters surrounding the immediate violation involved, *i.e.,* after original conviction to those matters relating to the original crime and after probation violation to those matters relating to the probation violation.

3. CRIMINAL LAW — GUILTY PLEAS — PROBATION REVOCATION — COURT RULES.

The court rule on the procedure for accepting a plea of guilty does not apply to probation revocation proceedings (GCR 1963, 785.7).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Edwards & Edwards,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and M. J. KELLY and CYNAR, JJ.

PER CURIAM. The defendant pled guilty to the charge of felonious assault, MCL 750.82; MSA 28.277, on October 4, 1978. The trial court had indicated that, if the defendant pled guilty, the court would impose a sentence of probation for two years. On October 18, 1978, the court placed defendant on probation for a period of four years. The trial court did not agree with defense counsel that

a two-year probation had been indicated on October 4, 1978.

On January 30, 1980, defendant appeared before the court on a probation violation charge. The following occurred:

"The Court: All right, Miss Holiday, do you understand that you are entitled to a hearing on this matter in which you could present witnesses to testify in your own behalf and confront and cross-examine the witnesses against you, and it's your desire to waive those rights and plead guilty, is that correct?

"The Defendant: Yes, it is."

The court accepted the guilty plea and sentenced defendant to a period of incarceration of from 32 to 48 months. Defendant was not advised of her right to appeal.

Defendant, in an appeal as of right from her sentence for probation violation, claims error in the original sentencing on the felonious assault conviction.

According to GCR 1963, 803.1, the time for taking an appeal of right in a criminal case is 60 days after entry of judgment, appointment of appellate counsel, or denial of a motion for a new trial, whichever occurs last. See *People v Soto,* 62 Mich App 370; 233 NW2d 545 (1975).

In *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974), it was held that a defendant has an appeal as of right after conviction and imposition of probation and another appeal of right after determination of probation violation and prison sentence. Further, the appeal of right following probation violation and sentence is limited to matters relating to the probation violation and hearing thereon. Even if we consider the four-year period of probation as error, it was harmless. The

original sentence was meted out on October 18, 1978, and the guilty plea to the probation violation was accepted on January 30, 1980, which was within the two-year period of probation claimed by defendant to have been agreed upon.

In reading MCL 771.4; MSA 28.1134, it is apparent that the Legislature intended the sentencing court to have greater latitude in administering the law concerned with certain phases of probation.

The Michigan Supreme Court in *People v Rial,* 399 Mich 431; 249 NW2d 114 (1976), ruled that GCR 1963, 785.7, dealing with the procedure for accepting a plea of guilty, does not apply to probation revocation proceedings. Pursuant to *People v Hardin,* 70 Mich App 204; 245 NW2d 566 (1976), we find that the defendant's due process requirements were met.

Defendant finally argues that the court did not advise her of her right of appeal as directed by GCR 1963, 785.11. Defendant petitioned the court for appointment of counsel on February 13, 1980, two weeks after the conviction. Forms usually served on the defendant at sentencing were filed with the court within two weeks of sentencing. If error was committed by the court in failing to advise the defendant of her appeal rights, it was harmless, given that defendant's entitlement to an appeal as of right was not prejudiced.

Affirmed.