Corrigan, C.J.
I respectfully dissent. The majority concludes that defendant has an appeal of right following his plea of guilty to probation violation because the underlying crime occurred before December 27, 1994, the effective date of Proposal B and the implementing statutes. I would hold that any defendant who pleads guilty to probation violation is limited to an appeal by leave. The date of a probation violator’s underlying crime was rendered irrelevant by virtue of our 1998 amendments of MCR 6.445(H).
By allowing an appeal of right in these circumstances, the majority misconstrues the court rule that governs this case.
The linchpin of the majority opinion is its view that the sentence for probation violation is a “resentenc-ing” for the original criminal conviction. MCL 771.4. The majority apparently views the appellate remedies as flowing from that word. However, the appellate *487 remedies following probation revocation have always been governed by our court rules in the absence of explicit legislation on the subject. MCR 6.445(H) specifically addresses this situation and authorizes an appeal by leave only, irrespective of the date of the underlying crime.
i
In 1994, the electorate ratified Proposal B, which amended Const 1963, art 1, § 20 to allow a defendant to appeal only by leave following a guilty plea. Const 1963, art 1, § 20 now provides:
In every criminal prosecution, the accused shall have the right ... to have an appeal as a matter of right, except as provided by law an appeal by an accused who pleads guilty or nolo contendere shall be by leave of the court ....
The Legislature, in turn, implemented Proposal B by amending MCL 600.308 in 1994 PA 375. Thereafter, the Court of Appeals jurisdiction over plea-based final orders or judgments was limited to appeals by leave only. The Code of Criminal Procedure was also amended to reflect this procedural change. MCL 770.3(l)(e), as amended by 1994 PA 374. The change “applies to criminal prosecutions for crimes committed on or after [December 27, 1994].” 1994 PA 375, § 3. This Court confirmed the same view when it first amended the relevant court rules. 448 Mich cxiv (1995).
I concur with my colleagues’ views that probation violations are not separate crimes. They are nowhere listed in the Penal Code. Moreover, I agree with them that one rational way to view probation revocation is as a resentencing on the original offense. MCL 771.4; *488 MCR 6.445(G). My disagreement with the majority relates to the course change this opinion represents. In treating the instant probation revocation as a resentencing, the Court rejects, at least in part, the approach it took to the problem of probation revocation in the 1998 court rule amendment.
In the absence of explicit legislative direction regarding appellate review of probation violations, our court rule amendment, effective January 1, 1999, specifically regulated appellate procedure governing probation revocations. In my view, the Court of Appeals correctly dismissed defendant’s claim of appeal in its succinct order:
The claim of appeal is dismissed for lack of jurisdiction because the January 29, 1999, judgment of sentence, which was based upon a plea of guilty to a probation violation that occurred after December 27, 1994, is not appealable as a matter of right. The Court finds that MCR 6.445(H) is applicable to this case because the amendment of that court rule was simply a codification of existing law. That court rule does not determine the appellate rights of a defendant by what rights existed at the time the defendant was originally sentenced. [Unpublished order, entered March 24, 1999 (Docket No. 217835).]
I would affirm that order because nothing in the language of the governing court rule makes the date of the underlying crime the triggering event in determining appellate rights following probation revocations.
The probation-revocation court rule expressly provides that a defendant who pleads guilty to a probation violation may only appeal by leave:
*489 (1) In a case involving a sentence of incarceration under subrule (G), the court must advise the probationer on the record, immediately after imposing sentence, that
(a) the probationer has a right to appeal, if the conviction occurred at a contested hearing, or
(b) the probationer is entitled to file an application for leave to appeal, if the conviction was the result of a plea of guilty.
(2) In a case that involves a sentence other than incarceration under subrule (G), the court must advise the probationer on the record, immediately after imposing sentence, that the probationer is entitled to file an application for leave to appeal. [MCE 6.445(H) (emphasis added).]
This rule nowhere directs the trial or appellate court to discriminate in granting appellate rights on the basis of the date of the underlying offense.
For purposes of appellate review, this Court has consistently treated probation violation as distinct from the underlying crime and sentence. In People v Pickett, 391 Mich 305, 316-318; 215 NW2d 695 (1974), we held that an appeal following revocation of probation is limited to matters relating to the probation violation. We also held that a judgment of sentence resulting from a probation violation is a “final judgment” for purposes of appeal rights. Pickett, supra at 313, 316. Further, in People v Rial, 399 Mich 431, 435; 249 NW2d 114 (1976), this Court, following Gagnon v Scarpelli, 411 US 778, 782; 93 S Ct 1756; 36 L Ed 2d 656 (1973), properly recognized that probation revocation is neither part of, nor a mere continuation of, the criminal prosecution for the underlying offense.
The former MCR 6.445(H) accorded probationers a right to appeal from a sentence of incarceration. In late 1997, the Michigan Judges Association proposed an amendment because of its concern that the rule *490 then in effect still granted probation violators a right to appeal although they no longer had a right to appeal when they pleaded guilty to the underlying offense. This anomaly persisted despite Proposal B and the amendment of MCR 6.425. This Court thereafter published the proposed rule for comment.
The only public comment on file with this Court opposed the amendment. It asserted that a defendant’s appeal rights, including appeal rights from a probation revocation, are vested or fixed at the time of the original sentencing on the underlying substantive crime. The majority’s view today essentially adopts the lone commenter’s view. The Court rejected this argument. An obvious contrary reason is that probation violations are treated like substantive offenses for purposes of appellate rights. Thus, while a defendant is returned to the position of resentencing as far as sentencing options were concerned, the factors involved in imposing sentence are not static, and a defendant is limited on appeal to asserting matters that were raised during the probation violation hearing. The Court apparently adopted the proposed rule after considering and rejecting the views expressed by the commenter and various rebuttal arguments.
I believe that hundreds of cases have been decided in reliance on the amended rule. I would not repudiate that court rule. In this case, the final judgment entered January 29, 1999, did not qualify defendant for an appeal of right. I would therefore affirm the decision of the Court of Appeals dismissing defendant’s claim of appeal.