PEOPLE *v.* LEWIS

CRIMINAL LAW—DUE PROCESS—RIGHT TO ASSISTANCE OF COUNSEL—
MISDEMEANOR—ACCOSTING AND SOLICITING.

> Defendants convicted of accosting and soliciting, a misdemeanor,
> were not deprived of due process of law by failure of the judge
> who arraigned and tried them to advise them of their right
> to the assistance of counsel and to provide counsel for trial in
> the event of their financial inability to retain one.

Appeals from Recorder's Court of Detroit, Groat
(Gerald W.) and Koscinski (Arthur J.), JJ., the
cases being consolidated for appeal. Submitted Division 1 February 6, 1967, at Detroit. (Docket Nos.
1,431, 1,432, 1,029.) Decided December 24, 1968.

Margaret Lewis, Gail Thomas, and Fatima Robinson were convicted of accosting and soliciting. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Samuel H. Olsen,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Rheo C. Marchand,* Assistant
Prosecuting Attorney, for the people.

*Lawrence W. Massey,* for defendants.

---

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 318 *et seq.*
Constitutionally protected right of indigent accused to appointment
of counsel in state court prosecution. 93 ALR2d 747,

T. G. Kavanagh, J. These cases were ordered consolidated since all involve the same question sought to be reviewed on appeal.

In each case the defendant was tried by the court without a jury and convicted of accosting and soliciting, a misdemeanor.[1] In each case the court failed to advise the defendant that she could be represented by counsel.

The procedure followed was substantially the same in each of the cases and an excerpt from the transcript of the case of defendant Margaret Lewis shows it was as follows:

"*The Court: People* v. *Margaret Lewis.* Margaret Lewis, you're charged with accosting and soliciting the complainant at 1220 Griswold, this to do an immoral act on July 9th. How do you plead, guilty or not guilty?
"*Defendant:* Not guilty.
"*The Court:* All right. Are you ready for trial?
"*Defendant:* Yes.
"*The Clerk:* Raise your right hand, please."

Although the briefs for both defendant and the people pose the question on appeal as whether or not a person charged with a misdemeanor has a right to be informed (and the court a duty to inform him) that he has a right to the assistance of counsel, the dual issue sought to be resolved, according to the briefs, is whether a person accused of a misdemeanor cognizable by a justice of the peace[2] is entitled to be told that he has a right to counsel *and* that if he is financially unable to provide counsel the court will, if the accused so requests, appoint counsel for him.

---

[1] CL 1948, § 750.448 (Stat Ann 1954 Rev § 28.703).

[2] A misdemeanor cognizable by a justice of the peace is limited to a maximum jail sentence of 3 months. See CLS 1961, § 774.1 (Stat Ann 1954 Rev § 28.1192).

There is no question that every defendant has a right to be represented by counsel. Art I, § 20 of the Michigan Constitution of 1963 provides that the accused shall have the right "to have the assistance of counsel for his defense." This provision is further implemented by CL 1948, § 763.1 (Stat Ann 1954 Rev § 28.854). In neither the constitution nor the statute do we find the requirement that the courts must apprise the defendant of these rights.

An examination of the court rules reveals that GCR 1963, 785.3 requires the court to advise the defendant of his right to counsel in felony cases, and if the accused requests, to appoint counsel if the accused is financially unable to provide counsel. No provision is made in the court rules for such action in misdemeanor cases.

In the case of *People* v. *Mallory* (1967), 378 Mich 538, a majority of the Court held that one charged with a misdemeanor cognizable by a justice of the peace was entitled to have counsel appointed for appellate assistance. Because the matter was not before the Court there was no holding on the right to appointment of counsel for purposes of trial.

Although in *Mallory* Mr. Justice O'HARA suggested a differentiation between rights to trial and appellate counsel might promote a "high stake judicial poker game" (p 610) and Mr. Justice SOURIS acknowledged it would result in a "lack of logical symmetry" (p 575), until the Supreme Court determines otherwise, we cannot say that a person charged with a misdemeanor cognizable by a justice of the peace is deprived of any constitutional right by the trial court's failure to advise him of his right to counsel and failure to provide counsel for trial in the event of the defendant's indigence.

Affirmed.

LESINSKI, C. J., and QUINN, J., concurred.