PEOPLE v COURTNEY

Docket No. 50361. Submitted January 6, 1981, at Grand Rapids.—
Decided March 5, 1981.

Thomas F. Courtney was convicted of breaking and entering,
Kalamazoo Circuit Court, C. H. Mullen, J. Judge Mullen sen-
tenced Courtney to three years probation including a provision
that Courtney make regular payments toward reimbursement
of his court-appointed counsel fees and restitution to the victim
of the crime. The conditions of Courtney's probation included
the provision that he not violate any criminal laws or ordi-
nances.

Subsequently, Courtney was convicted, on his plea of guilty,
of attempted larceny under $100, a misdemeanor, and was
sentenced to serve two days imprisonment and pay court costs.

Thereafter, the defendant pled guilty to probation violation,
and Judge Mullen subsequently sentenced him to serve five to
ten years in prison. The defendant appeals, alleging that the
court erred in finding a probation violation because the defen-
dant was not represented by counsel when he pled guilty to the
misdemeanor and that the court did not ascertain his financial
ability to make the payments that were a condition of his
probation. *Held:*

1. The trial court erred in using the defendant's misde-
meanor conviction as a ground to revoke the defendant's proba-
tion since the defendant was not represented by counsel when
be pled guilty to the misdemeanor charge and he did not make
a knowing and intelligent waiver of his right to counsel at the
proceeding.

2. The trial court's failure to ascertain whether the defen-
dant was financially able to make the payments required by his
probation precludes the trial court's reliance on this ground to
revoke his probation. *If the financial repayment condition of
the defendant's probation does not fairly reflect the defendant's*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 567, 568.
  Right to assistance of counsel at proceedings to revoke probation. 44
  ALR3d 306.
[2] 21 Am Jur 2d, Criminal Law §§ 229, 567, 568, 582.

ability to pay, the sentencing court must modify or withdraw the repayment condition. If the sentencing court determines that the financial repayment condition of defendant's probation does fairly reflect defendant's ability to pay and that defendant has not fulfilled this condition, defendant's probation may be properly revoked.

Reversed and remanded with instructions.

1. CRIMINAL LAW — SENTENCING — ENHANCEMENT OF SENTENCES.

A court may not enhance punishment at a sentencing for a probation violation because of a misdemeanor or ordinance conviction obtained when a defendant was not represented by counsel.

2. CRIMINAL LAW — PROBATION REVOCATION — INDIGENCY.

Revocation of a criminal defendant's probation based on indigency is a denial of his equal protection rights.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *Karen L. Reynolds,* Assistant Prosecuting Attorney, for the people.

*Milton J. Marovich,* for defendant on appeal.

Before: ALLEN, P.J., and J. H. GILLIS and D. F. WALSH, JJ.

PER CURIAM. On April 16, 1979, defendant was sentenced to three years probation for the crime of breaking and entering, the first three to six months to be served at the New Way Center in Lansing. Defendant was also required, as part of his probation, to make regular payments toward reimbursement of his court-appointed counsel fee and restitution to the victim of the crime. The conditions of defendant's probation included the provision that he not violate any criminal laws or ordinances. On November 19, 1979, defendant pled quilty to the misdemeanor of attempted larceny under $100 and was sentenced to serve two days

imprisonment and pay court costs. Thereafter, on December 16, 1979, a probation revocation hearing was held. Defendant pled guilty, his probation was revoked, and on January 28, 1980, defendant was sentenced to serve five to ten years imprisonment. Defendant now appeals as of right.

At the probation revocation hearing, the court ruled that defendant had violated his probation on two grounds; (1) violation of a criminal law, *i.e.,* the misdemeanor conviction, and (2) defendant's failure to pay the financial obligations associated with his probation, *i.e.,* counsel fees and restitution. Defendant claims the court erred in finding a violation on either ground.

Defendant was not represented by counsel when he pled guilty to the misdemeanor charge on November 19, 1979. Contrary to the prosecution's assertions, defendant did not make a knowing and intelligent waiver of his right to counsel at this proceeding. Defendant was informed by the trial judge that only if he wished to stand trial did he have a right to counsel. Nowhere was defendant informed that he was entitled to counsel if he chose to plead guilty. Therefore, defendant's misdemeanor conviction must be deemed to have been without counsel.

In a similar case, the Michigan Supreme Court has held that: "A court may not enhance punishment at sentencing because of a misdemeanor or ordinance conviction obtained when defendant was not represented by counsel". *People v Olah,* 409 Mich 948, 948-949; 298 NW2d 422 (1980). *Olah* cited the United States Supreme Court decision in *Baldasar v Illinois,* 466 US 222; 100 S Ct 1585; 64 L Ed 2d 169 (1980), as supporting the Michigan Supreme Court's reversal of the trial court's revocation of the defendant's probation based upon two

misdemeanor convictions without counsel. The trial court's revocation had been affirmed by a panel of this Court at 90 Mich App 403; 282 NW2d 335 (1979). The Supreme Court's holding in *Olah* compels us to find that the trial court erred in using defendant's prior misdemeanor conviction without counsel as a ground to revoke defendant's probation.

Our next determination is whether the trial court properly revoked defendant's probation based upon defendant's failure to pay the financial obligations associated with his probation. Both the prosecution and defendant agree that the trial court's failure to ascertain whether defendant was in fact able to make the financial payments precludes the trial court's reliance on this ground. Revocation of probation based on indigency is a denial of equal protection. *People v Lemon,* 80 Mich App 737, 744-745; 265 NW2d 31 (1978), *People v Terminelli,* 68 Mich App 635, 637; 243 NW2d 703 (1976), *People v Gallagher,* 55 Mich App 613, 620; 223 NW2d 92 (1974). We must remand to the sentencing court for a determination of defendant's ability to make the financial payments. If the financial repayment condition of defendant's probation does not fairly reflect defendant's ability to pay, the sentencing court must modify or withdraw the repayment condition. *Lemon, supra.* If, on the other hand, the sentencing court determines that the financial repayment condition of defendant's probation does fairly reflect defendant's ability to pay and that defendant has not fulfilled this condition, defendant's probation may be properly revoked.

We, therefore, remand for a determination of defendant's ability to meet the financial obligations of his probation. We also note that on re-

mand defendant's probation could be revoked upon a showing by independent evidence unrelated to the defendant's guilty plea that defendant engaged in antisocial conduct by attempting to steal certain property, to wit: gasoline belonging to another person. In this way, defendant's prior misdemeanor conviction without counsel would not be used in violation of the Michigan Supreme Court order in *Olah, supra.*

Reversed and remanded for proceedings not inconsistent with this opinion.