PEOPLE v RICHERT (AFTER REMAND)

Docket No. 155564. Submitted February 6, 1996, at Detroit. Decided April
2, 1996, at 9:15 A.M. Leave to appeal sought.

Thomas W. Richert pleaded guilty in the St. Clair Circuit Court, Peter
E. Deegan, J., of first-degree retail fraud. The conviction was for
the shoplifting of an item worth less than $100, which normally
would have been second-degree retail fraud; however, because the
defendant had a prior conviction of second-degree retail fraud, the
second conviction was elevated to first-degree retail fraud pursuant
to MCL 750.356c(2); MSA 28.588(3)(2). On appeal, the Court of
Appeals remanded the case to allow the defendant to move for the
withdrawal of his plea. The trial court denied the motion. The
defendant appealed, claiming that the prior conviction cannot be
considered because the absence of a defense attorney at the pro-
ceedings that resulted in the prior conviction violated his right to
counsel under US Const, Am VI and Const 1963, art I, § 20.

After remand, the Court of Appeals *held:*

The prior conviction can be considered because there was no
violation of the right to counsel under the federal constitution or
the state constitution.

1. The Sixth Amendment requires only that no indigent criminal
defendant be sentenced to a term of imprisonment unless the state
has afforded the defendant the right to the assistance of appointed
counsel. In this case, the defendant did not have a right to counsel
under the Sixth Amendment with respect to the prior conviction
because the sentence for that conviction was a fine, not
imprisonment.

2. The right to counsel under the Sixth Amendment and the right
to counsel under the state constitution are identical. The defendant
did not have a right to counsel under the state constitution with
respect to the prior conviction for the same reason he did not have
a right to counsel under the Sixth Amendment.

Affirmed.

CONSTITUTIONAL LAW — RIGHT TO COUNSEL — MISDEMEANORS.

The right to counsel under the federal and state constitutions requires
that no indigent defendant be sentenced to a term of imprisonment
unless the state has afforded the defendant the right to the assis-

tance of appointed counsel; a prior misdemeanor conviction that is obtained without counsel and for which imprisonment is not imposed may be considered for purposes of augmenting the sentence for a subsequent conviction because no constitutional right to counsel is implicated with respect to the prior misdemeanor conviction (US Const, Am VI; Const 1963, art I, § 20).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Elwood L. Brown*, Prosecuting Attorney, and *Peter R. George*, Chief Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Kristina Larson Dunne* and *Jennifer A. Pilette*), for the defendant on appeal.

AFTER REMAND

Before: O'CONNELL, P.J., and REILLY and D. E. SHELTON,* JJ.

O'CONNELL, P.J. In this case of first impression, we conclude that a prior plea-based misdemeanor conviction, obtained without benefit of counsel but for which no incarceration was imposed, may be used in a subsequent criminal prosecution for purposes of sentence augmentation.

In 1987, defendant pleaded guilty to the misdemeanor of second-degree retail fraud, MCL 750.356d(1); MSA 28.588(4). Acting without counsel, defendant admitted that he had shoplifted a $9.37 tape measure from a department store. The presentence investigation report prepared for the offense reflects only that defendant paid a $205 fine.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In 1992, defendant was again charged with retail fraud. Had defendant not previously been convicted of second-degree retail fraud, the circumstances surrounding the 1992 offense would again have supported a conviction of second-degree retail fraud. However, MCL 750.356c(2); MSA 28.588(3)(2), contains a recidivist provision providing that one who commits second-degree retail fraud after having previously been convicted of second-degree retail fraud is guilty of *first*-degree retail fraud. In contrast to second-degree retail fraud, first-degree retail fraud is a felony.[1]

Defendant, who was represented by counsel, pleaded guilty to first-degree retail fraud, admitting that he had shoplifted a $69 electric toothbrush. Immediately before sentencing, he attempted to withdraw his plea, contending that he had believed that he was pleading guilty to second-degree retail fraud. The court refused to allow him to withdraw his plea and sentenced him to a term of imprisonment of sixteen to twenty-four months.

Defendant appealed as of right. Among other allegations of error, he claimed that because the 1987 conviction constituting one of the elements of his 1992 first-degree retail fraud conviction had been obtained while he was without counsel, it could not properly be considered in establishing the factual basis for the 1992 conviction. Defendant submitted

---

[1] This type of sentence augmentation was recently described by this Court "as exceptional inasmuch as the Legislature provide[s] for augmented punishment of a simple misdemeanor for repeat offenders up to and including felony treatment." *People v Erwin*, 212 Mich App 55, 65-66; 536 NW2d 818 (1995).

.

that, because of this, he should have been allowed to withdraw his plea.

On April 15, 1993, this Court remanded the matter to the circuit court, ordering the court "to allow the defendant-appellant to move to withdraw his plea . . . ." The circuit court complied with this Court's order and then denied defendant's motion to withdraw his plea. Defendant now contends that his prior conviction was obtained in violation of his right to counsel as guaranteed by US Const, Am VI, and Const 1963, art I, § 20, and cannot be used in the 1992 prosecution. The remainder of defendant's allegations of error having been dispensed with on remand, we address only the issue whether his 1987 conviction without counsel may be utilized for purposes of augmentation in the 1992 prosecution.

I

Our review of the record indicates that defendant did not waive any right he may have had to counsel in the 1987 proceeding.[2] As stated in *People v Carpentier*, 446 Mich 19, 50-51; 521 NW2d 195 (1994) (concurrence by RILEY, J.), quoting *Carnley v Cochran* 369 US 506, 516; 82 S Ct 884; 8 L Ed 2d 70 (1962), "to validly waive [any] right to counsel, '[t]he record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer.' " Further, MCR 6.610(D)(3) provides that any right a defendant may have

---

[2] The parties agree that defendant was not represented by counsel, meaning that this Court need consider only the issue of waiver.

to the assistance of an attorney [or] to an appointed attorney . . . is not waived unless the defendant

(a) has been informed of the right; and

(b) has waived it in a writing that is made part of the file or orally on the record.

Here, the record reflects no written or oral waiver of any right defendant may have had to counsel in the 1987 prosecution, and no evidence otherwise suggests that defendant intelligently and understandingly waived any right to counsel. *Carpentier, supra.* In fact, the present case is similar to *People v Courtney*, 104 Mich App 454, 456; 304 NW2d 603 (1981), in which the "[d]efendant was informed by the trial judge that only if he wished to stand trial did he have a right to counsel. Nowhere was defendant informed that he was entitled to counsel if he chose to plead guilty." In the 1987 district court proceedings, the sole reference to counsel is the following: "Do you understand that, if you want a trial, you'd have the right to be represented by an attorney or a Court-appointed attorney?" Obviously, this statement suggests that defendant did not waive any right he may have had to an attorney. In light of the clear language of the court rule and the pertinent case law, we conclude that defendant did not waive any right to counsel he may have had in the 1987 prosecution.

II

Because defendant's 1987 conviction was obtained without counsel or a valid waiver thereof, it is necessary that we reach the constitutional questions. However, in light of recent Supreme Court precedent, we conclude that defendant's right to an attorney under the Sixth Amendment of the United States Constitu-

tion was not violated.[3] The Sixth Amendment of the United States Constitution provides, in relevant part, as follows: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."

The Supreme Court has construed this provision to mean "that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *Argersinger v Hamlin*, 407 US 25, 37; 92 S Ct 2006; 32 L Ed 2d 530 (1972). Whether knowingly or not, the *Argersinger* Court shifted the focus from "criminal prosecutions," the term used in the Constitution, to "imprisonment."

In *Scott v Illinois*, 440 US 367, 373-374; 99 S Ct 1158; 59 L Ed 2d 383 (1979), the Court reaffirmed *Argersinger*, stating:

> [W]e believe that the central premise of *Argersinger*— that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. . . . We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require *only* that no indigent criminal defendant be sen-

---

[3] While this is the first opinion in Michigan of which we are aware applying the standard enunciated in *Nichols v United States*, 511 US ___; 114 S Ct 1921; 128 L Ed 2d 745 (1994), *Nichols* has twice been referred to favorably by the courts of this state, *People v Hamm*, 206 Mich App 270, 273 n 1, 273, 520 NW2d 706 (1994) (Corrigan, J., concurring); and *Carpentier, supra*, 51, n 10 (Riley, J., concurring). While Justice Riley, in *Carpentier*, questioned the applicability of *Nichols* in Michigan prosecutions in light of *People v Leary (On Remand)*, 198 Mich App 282, 285; 497 NW2d 922 (1993), given that the Court effectively overruled *Leary* the day after *Carpentier* was issued, 446 Mich 866 (1994), we consider the reference to *Nichols* to be approving.

tenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense. [Emphasis added.]

However, in the subsequent case of *Baldasar v Illinois*, 446 US 222; 100 S Ct 1585; 64 L Ed 2d 169 (1980), the Supreme Court ruled, for reasons not entirely clear, that despite the fact that a defendant was not entitled to representation at a proceeding where no imprisonment was ultimately imposed, a conviction resulting from that proceeding could not be used for purposes of sentence enhancement in a later prosecution. No rationale for such limitation was adopted by a majority of the Court.

The Supreme Court quickly realized the inconsistency between *Argersinger* and *Baldasar*, explicitly overruling *Baldasar* in *Nichols v United States*, 511 US ___; 114 S Ct 1921; 128 L Ed 2d 745, 752 (1994). In *Nichols*, the Court, following *Scott*, stated that "where no sentence of imprisonment [is] imposed, a defendant charged with a misdemeanor ha[s] no constitutional right to counsel." *Nichols, supra,* 128 L Ed 2d 752. Though the road has been winding, *Nichols* is currently the definitive interpretation of the Sixth Amendment in the present context.

In the case *sub judice*, defendant had been convicted of the misdemeanor of second-degree retail fraud before the instant prosecution. As set forth above, the sentence served was payment of $205 in fines. Thus, under *Scott* and *Nichols*, he had no right to counsel under the federal constitution, and, therefore, no right to counsel could have been infringed upon. Accordingly, considering only the federal constitution, the circuit court acted properly in considering the 1987 conviction.

III

Although we have no case on point addressing the present topic in the context of our state constitution, we hold that defendant similarly had no right to an attorney under Const 1963, art I, § 20. The language of Const 1963, art I, § 20, is nearly identical to that of its federal counterpart, providing that "[i]n every criminal prosecution, the accused shall have the right . . . to have the assistance of counsel for his defense." Thus, we must consider whether our state constitution is to be construed more broadly than the analogous, and nearly identical, federal provision.[4]

We find no justification to construe Const 1963, art I, § 20, more broadly than its federal analogue in the present context. As stated in *People v Hellis*, 211 Mich App 634, 648; 536 NW2d 587 (1995), quoting *People v Perlos*, 436 Mich 305, 313, n 7; 462 NW2d 310 (1990), "[u]nless there is a compelling reason to afford greater protection under the Michigan Constitution, the Michigan and federal provisions will be treated as affording the same protections." Similarly, the Supreme Court has recently iterated that "[t]he question of state constitutional adjudication, however, is not whether this Court may interpret our constitution differently than the federal constitution, *the issue is whether we must.*" *People v Pickens*, 446

---

[4] Other states have addressed the identical question in the context of their respective state constitutions. See, e.g., *In re Advisory Opinion to Governor*, 666 A2d 813 (RI, 1995); *Griswold v Commonwealth*, 21 Va App 22; 461 SE2d 411 (1995); *State v Hopkins*, 192 W Va 483; 453 SE2d 317 (1994); *Ghoston v State*, 645 So 2d 936 (Miss, 1994); *Paletta v Topeka*, 20 Kan App 2d 859; 893 P2d 280 (1995). Although we have reviewed these opinions, we do not find them enlightening for purposes of construing our constitution.

Mich 298, 315; 521 NW2d 797 (1994) (emphasis supplied).

Generally, when our courts have considered both US Const, Am VI, and Const 1963, art I, § 20, it has been done in one breath, with no distinction being drawn between the two. See, e.g., *People v Bladel (After Remand)*, 421 Mich 39, 50-68; 365 NW2d 56 (1984), aff'd sub nom *Michigan v Jackson*, 475 US 625; 106 S Ct 1404; 89 L Ed 2d 631 (1986). In fact, the only explicit statement on the matter of which this Court is aware reaches the identical conclusion: "Virtually all Michigan case law regarding the right to counsel tracks the analysis by the United States Supreme Court of the Sixth Amendment right to counsel." *People v Wright*, 441 Mich 140, 173; 490 NW2d 351 (1992) (RILEY, J., dissenting). Further, Justice RILEY in her dissent avers that "[t]here is nothing conspicuous in the language of [art I, § 20 of] the Michigan Constitution that would distinguish it from the rights guaranteed by the federal constitution." *Id.*, p 177. In short, whatever differences may exist between the two constitutional provisions, they are not implicated in the present context.

Therefore, there being no compelling reason to construe Const 1963, art I, § 20, more broadly than its federal counterpart, US Const, Am VI, we construe the two identically. Accordingly, there being no right under the federal constitution to counsel in a misdemeanor prosecution where no incarceration is ultimately imposed, there is no such right under the Michigan Constitution.

IV

Turning, then, to the case at hand, defendant had no right to counsel under either the federal or state constitution in his 1987 prosecution because no incarceration was ultimately imposed therefor. Thus, the consideration of that prior conviction in the current prosecution impinged no constitutional right of defendant. While the court may not consider constitutionally infirm convictions in a subsequent prosecution, see *People v Miller*, 179 Mich App 466, 469; 446 NW2d 294 (1989), no constitutionally infirm convictions exist in the present case. Therefore, finding no constitutional right to have been violated, we affirm.

Affirmed.