PEOPLE v JUSTICE

Docket No. 170619. Submitted January 17, 1996, at Lansing. Decided May 17, 1996, at 9:05 A.M.

Bruce C. Justice pleaded guilty in the Genesee Circuit Court, Earl E. Borradaile, J., of first-degree retrial fraud and being a second-offense habitual offender. He was sentenced to eighteen to thirty-six months of imprisonment. The defendant appealed, alleging that the trial court erred in elevating the original charge of second-degree retail fraud to first-degree retail fraud, pursuant to MCL 750.356c(2); MSA 28.588(3)(2), on the basis of a prior misdemeanor conviction that was obtained without the defendant having had the benefit of counsel and for which the defendant had received a fine, not a jail sentence.

The Court of Appeals *held*:

1. A criminal defendant's right to counsel under the Michigan Constitution is identical to the right under the United States Constitution and affords no greater rights than those guaranteed by the federal constitution.

2. The resolution of this case is controlled by *Nichols v United States*, 511 US ___; 114 S Ct 1921; 128 L Ed 2d 745 (1994), which held that the Sixth and Fourteenth Amendments of the federal constitution allow a sentencing court to consider a defendant's prior misdemeanor conviction obtained without the benefit of counsel if that conviction did not actually result in incarceration. Because a defendant lawfully can be sentenced on the basis of conduct that did not result in a conviction if that conduct is established by a preponderance of the evidence, a defendant also could be sentenced on the basis of a prior misdemeanor conviction obtained without the benefit of counsel based on the same conduct where that conduct is proved beyond a reasonable doubt.

3. Under *Nichols*, the defendant's prior conviction was not constitutionally infirm because it did not actually result in incarceration. The circuit court did not err in considering the defendant's prior conviction as an offense-enhancing element.

Affirmed.

FITZGERALD, P.J., concurring, stated that consideration of the prior conviction does not offend the Sixth Amendment of the United

States Constitution but disagreed with the holding of the majority that such consideration does not violate Const 1963, art 1, § 20. Under the Michigan Constitution, a person does have the right to counsel when charged with a misdemeanor regardless of whether incarceration is imposed as a result of the conviction. It was error to use the defendant's prior felony conviction to elevate the present offense. Concurrence is required here, however, pursuant to Administrative Order No. 1996-4, because *People v Richert (After Remand)*, 216 Mich App 186 (1996), which was decided before this case, found that Const 1963, art 1, § 20 affords no greater rights than those guaranteed by the federal constitution.

1. CONSTITUTIONAL LAW — CRIMINAL LAW — RIGHT TO COUNSEL.

   A criminal defendant's right to counsel under the Michigan Constitution is identical to the right under the United States Constitution and affords no greater rights than those guaranteed by the federal constitution (US Const, Am VI; Const 1963, art 1, § 20).

2. CONSTITUTIONAL LAW — CRIMINAL LAW — SENTENCES — PRIOR MISDEMEANOR CONVICTIONS WITHOUT BENEFIT OF COUNSEL.

   The Sixth and Fourteenth Amendments of the United States Constitution allow a sentencing court to consider a defendant's prior misdemeanor conviction obtained without the defendant having had the benefit of counsel where the prior conviction did not result in the defendant's incarceration.

*Jeffrey M. Young*, for the defendant on appeal.

Before: FITZGERALD, P.J., and SAWYER and YOUNG, JJ.

YOUNG, J. Defendant pleaded guilty of first-degree retail fraud, MCL 750.356c; MSA 28.588(3), and of being a second-offense habitual offender, MCL 769.10; MSA 28.1082. He was sentenced to eighteen to thirty-six months of imprisonment and now appeals as of right. We affirm.

I

Defendant shoplifted goods worth less than $100. That conduct would normally support only a conviction of second-degree retail fraud, MCL 750.356d; MSA 28.588(4). However, under Michigan law, when a

defendant has a prior conviction of certain enumerated theft offenses,[1] second-degree retail fraud is elevated to first-degree and the possible penalties increase. MCL 750.356c(2); MSA 28.588(3)(2). Because defendant had a prior misdemeanor conviction in 1981 for larceny under $100, MCL 750.356; MSA 28.588, his charge was elevated to first-degree retail fraud. Defendant argues that the prior larceny conviction should not have been used to elevate this charge because that prior conviction was obtained without defendant having had the benefit of legal counsel. Indeed, the lower court record in this case indicates that defendant did not have legal counsel when he pleaded guilty to the misdemeanor larceny charge in 1981. There is no record evidence to establish that defendant knowingly waived his right to counsel. The record also indicates that defendant was not sentenced to jail for that conviction, but was fined.

II

Because of a recent change in federal constitutional law, we are compelled to consider the scope of protections afforded by the Michigan Constitution to determine whether a prior conviction obtained without the defendant having had the benefit of counsel may be used to enhance a defendant's charge and

---

[1] False pretenses with intent to defraud, MCL 750.218; MSA 28.415; larceny, MCL 750.356; MSA 28.588; second-degree retail fraud, MCL 750.356d; MSA 28.588(4); larceny in a building, MCL 750.360; MSA 28.592; or any local ordinance substantially corresponding to the retail fraud statute or to the enumerated statutes.

punishment.[2] The Michigan and federal constitutions provide as follows:

> In every criminal prosecution, the accused shall have the right . . . to have the assistance of counsel for his or her defense. [Const 1963, art 1, § 20.]
>
> In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence. [US Const, Am VI.]

Our review discloses that the law governing this question and applied in Michigan has been exclusively federal. The federal law developed in two stages. The first concerned itself with the question of when the right to counsel attaches and the second regarded what use, if any, could be made of a conviction obtained in violation of the right to counsel.

Beginning with *Gideon v Wainwright*, 372 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963), the United States Supreme Court ruled that the right to counsel attaches in felony cases, and that, if a defendant cannot afford counsel, the constitution required that one be supplied by the government. In *Argersinger v Hamlin*, 407 US 25; 92 S Ct 2006; 32 L Ed 2d 530 (1972), the Supreme Court ruled that no person could be imprisoned for *any* offense unless he was represented by counsel or knowingly and intelligently

---

[2] This opinion was written before the release of *People v Richert (After Remand)*, 216 Mich App 186; ___ NW2d ___ (1996). In *Richert*, this Court held that a criminal defendant's right to counsel under the Michigan Constitution is identical to the right under the United States Constitution as interpreted by *Nichols v United States*, 511 US ___; 114 S Ct 1921; 128 L Ed 2d 745 (1994). See the discussion of *Nichols*, *infra*. Although the *Richert* panel reached the same conclusion as we do today, we offer this opinion to provide additional bases for the conclusion that art 1, § 20 of the Michigan Constitution affords no greater rights than those guaranteed by the federal constitution.

waived his right to counsel. Thus, a defendant's right to counsel was not limited to felonies, but extended to misdemeanor cases. The *Argersinger* ruling was clarified in *Scott v Illinois*, 440 US 367, 373-374; 99 S Ct 1158; 59 L Ed 2d 383 (1979), where the Court ruled that a defendant has a right to. the appointment of counsel any time incarceration is the *actual* penalty for a misdemeanor conviction, but not where it is merely a *possible* penalty.

At the time *Scott* was decided, the manner in which a prior misdemeanor conviction obtained without benefit of counsel could be used in subsequent cases was still open to question. In *Baldasar v Illinois*, 446 US 222; 100 S Ct 1585; 64 L Ed 2d 169 (1980), the defendant had a prior misdemeanor conviction of theft. He had not been incarcerated for that offense, but was fined and placed on probation. The defendant later committed a minor theft offense and, under the state enhancement statute, his prior conviction allowed the prosecutor to elevate the new charges from a misdemeanor to a felony. For the new offense, the defendant was sentenced to incarceration. In separate opinions, the Supreme Court ruled that the Sixth and Fourteenth Amendments of the United States Constitution prohibited the use of a prior conviction obtained without the benefit of counsel as a basis for an increased term of incarceration upon a subsequent conviction.

Although the true. scope of *Baldasar* was debated because of its multiple opinions, *People v Stratton*, 148 Mich App 70, 77-78; 384 NW2d 83 (1985), Michigan courts interpreted the case broadly to mean that a prior misdemeanor conviction obtained without a proper waiver of the right to counsel could not be

used to enhance a sentence. *Id.* The principle evolved even further in Michigan to mean that such a conviction could not be considered during sentencing for *any* purpose, *People v Miller*, 179 Mich App 466, 469; 446 NW2d 294 (1989), and, therefore, must be deleted from the presentence report, *People v Martinez*, 193 Mich App 377, 386; 485 NW2d 124 (1992). See also *People v Olah*, 409 Mich 948; 298 NW2d 422 (1980) (trial court could not impose prison sentence for probation violation where violation resulted from new misdemeanor convictions in which the defendant was not represented by counsel). Other jurisdictions interpreted the multiple opinions of *Baldasar* more narrowly and held that the case only prohibited the use of the prior misdemeanor conviction to elevate a new misdemeanor charge to a felony. See *United States v Castro-Vega*, 945 F2d 496 (CA 2, 1991); *Wilson v Estelle*, 625 F2d 1158 (CA 5, 1980). See also *State v Laurick*, 120 NJ 1, 16; 575 A2d 1340 (1990) (prior conviction obtained without the benefit of counsel limits the sentence that can be imposed for new offense). Varying interpretations of *Baldasar* also created a conflict among the federal circuits. See *United States v Brady*, 928 F2d 844, 854 (CA 9, 1991) (misdemeanor conviction obtained without the benefit of counsel cannot be used to enhance sentence in new case).

The conflict concerning *Baldasar* ultimately was resolved in *Nichols v United States*, 511 US ___; 114 S Ct 1921; 128 L Ed 2d 745 (1994). In the process, the Supreme Court overruled *Baldasar* and held that the Sixth and Fourteenth Amendments allow a sentencing court to consider a defendant's prior misdemeanor conviction obtained without the benefit of counsel if that conviction did not actually result in incarcera-

tion. In *Nichols*, the defendant previously had been convicted of misdemeanor drunk driving, for which he was fined but not incarcerated. He later was convicted of a federal felony (conspiracy to possess cocaine with intent to deliver). When sentenced for the felony conviction, his prior misdemeanor conviction was used in scoring his criminal history under the federal sentencing guidelines, resulting in a higher recommended sentence than would have been calculated had the prior misdemeanor conviction not been considered. The sentencing court rejected the defendant's argument that the prior misdemeanor conviction obtained without the benefit of counsel could not be considered, ruling that *Baldasar* meant only that such a prior misdemeanor conviction could not be used to elevate a misdemeanor to a felony. In *Nichols*, however, the new offense was itself a felony. Therefore, *Baldasar* did not prevent consideration of the prior conviction.

The Supreme Court ruled that, because a defendant can lawfully be sentenced on the basis of conduct that did not result in a conviction if that conduct is established by a preponderance of evidence, *Williams v New York*, 337 US 241; 69 S Ct 1079; 93 L Ed 1337 (1949), a defendant could also be sentenced on the basis of a prior misdemeanor conviction obtained without the benefit of counsel based on the same conduct where that conduct has been proven beyond a reasonable doubt. *Nichols, supra*, 128 L Ed 2d 755.

Unquestionably, we are bound by *Nichols* under the federal constitution. The question before this Court, therefore, is whether Michigan should, as a matter of its own constitutional law, continue to adhere to *Baldasar* and disallow the enhancement of defend-

ant's conviction, or adopt the rule of *Nichols* and permit the state to elevate a second-degree retail fraud offense to first-degree where the prior conviction obtained without the benefit of counsel did not result in incarceration.[3]

Defendant in this case has based his argument for reversal entirely on the federal constitution. He has cited some Michigan pre-*Baldasar* cases, apparently in an attempt to persuade us that Michigan followed a *Baldasar*-type rule before *Baldasar* was decided. Our review of those cases shows that they did not involve the question posed in this appeal.

With respect to the question whether our state constitution affords greater protections than provided in the Sixth Amendment of the federal constitution, our Supreme Court has had occasion to address the scope of Const 1963, art 1, § 20, but failed to reach agreement. In *People v Wright*, 441 Mich 140; 490 NW2d 351 (1992), a criminal suspect was being interrogated by the police. He told the police that he did not have an attorney; he was not advised when one might be appointed for him. The defendant did not know that his family had hired an attorney to represent him; nor was he advised that the attorney had arrived at the police station during the interrogation but was not allowed to see his client. The defendant

---

[3] Our consideration of this question is based only on what use may be made in a subsequent case of a prior *misdemeanor* conviction obtained without the benefit of counsel. Prior felony convictions obtained without counsel or a valid waiver of the right to counsel are constitutionally infirm and cannot be used for any purpose, including sentence enhancement. *Burgett v Texas*, 389 US 109, 115; 88 S Ct 258; 19 L Ed 2d 319 (1967). Treatment of prior *felony* convictions obtained without the benefit of counsel is unaffected by the Court's decision in *Nichols*. See *Nichols*, *supra*, 128 L Ed 2d 752, n 9.

eventually confessed. The trial court held that the police conduct did not violate the constitution under United States Supreme Court precedent.[4]

Justice MALLETT, writing for himself and Justice LEVIN, opined that the confession had been obtained in violation of the defendant's rights under Const 1963, art 1, § 17 (privilege against compelled self-incrimination) even if the corresponding federal provision (the Fifth Amendment) was not offended. *Wright, supra,* 441 Mich 154. Justice MALLETT did not address the right to the assistance of counsel as guaranteed by art 1, § 20. Chief Justice CAVANAGH concurred in the result and wrote separately to express his belief that prior case law supported the conclusion that art 1, § 20 grants a defendant the right to an appointed attorney at earlier stages of proceedings than the federal constitution required, namely, at line-ups. *Wright, supra,* 441 Mich 158-159. Therefore, he concluded that the police conduct in *Wright* violated that section. *Id.,* p 163. Justice BRICKLEY did not rest his concurrence on art 1, § 20. See *Wright, supra,* 441 Mich 164-172. Justice RILEY, joined by Justices BOYLE and GRIFFIN, addressed art 1, § 20 and wrote that "[t]here is nothing conspicuous in the language of the Michigan Constitution that would distinguish it from the rights guaranteed by the federal constitution." *Wright, supra,* 441 Mich 177.

Thus, there is no binding majority position from the Supreme Court, and we must therefore embark on our own independent effort to decide the question.

Our review of the law shows that Michigan has not based its interpretation of the right to counsel on

---

[4] *Moran v Burbine,* 475 US 412; 106 S Ct 1135; 89 L Ed 2d 410 (1986).

state constitutional authority, but has applied rules solely on the basis of the federal constitution. See *Olah, supra; Stratton, supra,* 148 Mich App 74-79 (discussing federal origin of rule).[5] All the Michigan cases addressing the appropriate use of misdemeanor convictions obtained without the benefit of counsel have been based on federal precedent.

Michigan's constitutional provision guaranteeing the assistance of counsel is virtually identical to the federal provision. Only two words differ: the state constitution refers to "all" criminal prosecutions instead of "every," and it provides that the defendant shall "have" certain rights rather than "enjoy" them. Neither difference is material: both changes in the Michigan Constitution involve the substitution of words with identical import to their counterparts in the federal constitution. As a result, there can be no doubt that our state's protection is based entirely on the federal provision.

The right to the assistance of counsel in Michigan dates back to our first constitution in 1835.[6] That provision has appeared in every Michigan Constitution since. See Const 1850, art 6, § 28; Const 1908, art 2, § 19. We believe that, if the framers of four different state constitutions had intended the state to provide greater rights, they would not have adopted language

---

[5] See also *People v Moore,* 391 Mich 426, 436-440; 216 NW2d 770 (1974), which decided exclusively on federal grounds that constitutionally infirm convictions could not be used for impeachment purposes or considered at sentencing. *Nichols, supra,* teaches that misdemeanor convictions obtained without the benefit of counsel are not constitutionally infirm under the Sixth Amendment where imprisonment was not actually imposed. Thus, *Moore* does not alter the outcome of this case.

[6] "In all criminal prosecutions, the accused shall have the right . . . to have the assistance of counsel for his defense." Const 1835, art 1, § 10. "All" was changed to "every" in Const 1850, art 6, § 28.

that was identical in all pertinent regards to the federal provision.

This conclusion is buttressed by remarks at the Constitutional Convention that drafted the 1963 constitution. For the first time, the 1963 constitution preserved a right to appeal in criminal convictions.[7] While discussing that proposed addition, the question arose whether that provision would also mean that a defendant would have a right to a court-appointed attorney to assist in an appeal:

> Mr. [Raymond] King: I should like to direct a question to Delegate Norris, if I might. Delegate Norris, is it your understanding that under this constitutional provision providing for the employment of counsel, that this counsel must of necessity be provided for at the expense of the public in the event that the accused is not able to hire his own counsel?
>
> Mr. [Harold] Norris: All I can say to that, Mr. King, is that there are certain supreme court decisions, United States supreme court decisions, particularly *Griffin v Illinois*, with regard to the extent of the participation of the state in giving effect to the right in the federal constitution to assis-

---

[7] The concurring opinion in this case relies upon *People v Mallory*, 378 Mich 538; 147 NW2d 66 (1967), for the proposition that our Supreme Court has held that Const 1963, art 1, § 20 affords protections broader than those of its federal counterpart. This reliance is misplaced. The *Mallory* Court recognized that Michigan's Constitution expressly provides criminal defendants a right to appeal, Const 1963, art 1, § 20, that has no counterpart in the federal constitution. *Mallory, supra*, 378 Mich 555-556, 567, 571. A majority of the justices held that, under our state constitution, an indigent defendant was entitled to appointed counsel on appeal from a misdemeanor conviction. *Mallory, supra*, 378 Mich 559, 567, 575. However, a majority of the justices did *not* hold that the constitutional source of this right lay in Const 1963, art 1, § 20. Only Justice DETHMERS, joined by Justice ADAMS, stated that Const 1963, art 1, § 20 made no distinctions between felonies and misdemeanors. *Mallory, supra*, 378 Mich 559. *No other justice joined in this portion of Justice DETHMER's opinion.* Consequently, the plurality opinion in *Mallory* relied upon in the concurring opinion in this case is not binding authority dispositive of the issue before us.

tance of counsel, and insofar as that particular right would be applicable, then it would have some effect on what you are now questioning. I don't think, however, there has been any state court decision which has gone farther than what the federal court has provided. *So, no matter what we say here, it wouldn't go beyond what the United States supreme court now requires.* [1 Official Record, Constitutional Convention 1961, p 563. Emphasis added.]

We also note that when the Constitutional Convention was held (1961), the vast development of this area of law that started with *Gideon v Wainwright, supra,* had not yet begun, because *Gideon* was not decided until 1963.

We do not consider Const 1963, art 1, § 20 to be ambiguous, but even if it were ambiguous and we were required to look beyond the language of our constitution to construe the intent of the framers, we find no support for the argument that they intended a right based in state law that was broader than that provided in the federal constitution. Had the framers intended a right beyond that protected by federal law, they would have adopted language broader than the federal counterpart as they did with the right to appeal, Const 1963, art 1, § 20.

Because we find that there is no independent state basis for adhering to the rule of *Baldasar*, we conclude that *Nichols* controls the sentencing practice in our state. We further note that the *Nichols* approach was utilized in an analogous situation shortly after *Baldasar* was decided. In *People v Courtney*, 104 Mich App 454, 457-458; 304 NW2d 603 (1981), this Court ruled that probation could not be revoked on the basis of a plea of guilty to a misdemeanor charge that was obtained without the benefit of counsel, but that independent evidence of the underlying "antiso-

cial conduct" could be considered during remand proceedings to support revocation. Thus, any infirmity in the conviction itself did not preclude consideration of the underlying facts. But see *Martinez, supra,* 193 Mich App 386 ("[i]t is improper to enhance a defendant's sentence denominating it [a prior misdemeanor conviction obtained without the benefit of counsel] 'contact with the system' when that 'contact' resulted in an invalid conviction").

Under *Nichols,* defendant's prior conviction was not constitutionally infirm because it did not actually result in incarceration. Consequently, the circuit court did not err in considering prior conviction as an offense-enhancing element of retail fraud.

Affirmed.

SAWYER, J., concurred.

FITZGERALD, P.J. *(concurring).* I concur with the majority's conclusion that consideration of the prior conviction does not offend the Sixth Amendment of the United States Constitution. However, I disagree with the holdings in *People v Richert (After Remand),* 216 Mich App 186; ___ NW2d ___ (1996), and the holding of the majority herein, that such consideration does not run afoul of Const 1963, art 1, § 20. Therefore, I concur only because I am required to do so by Administrative Order No. 1996-4.

The Sixth Amendment of the United States Constitution provides, in relevant part, that "[i]n *all* criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." However, the Supreme Court has given this amendment a rather restricted reading, stating that "where no sentence of imprisonment [is] imposed, a defendant

charged with a misdemeanor [has] no constitutional right to counsel." *Nichols v United States*, 115 US ___, ___; 114 S Ct 1921; 128 L Ed 2d 752 (1994), citing *Scott v Illinois*, 440 US 367; 99 S Ct 1158; 59 L Ed 2d 383 (1970).

Here, defendant had been convicted of the misdemeanor of larceny under $100 before the instant prosecution. The sentence imposed was a fine. Thus, under *Scott*, he had no right to counsel under the federal constitution and, therefore, no right to counsel could have been infringed upon. Considering only the federal constitution, the trial court acted properly in considering the 1981 conviction.

However, the Michigan Constitution has been construed to provide more expansive rights for those accused of crimes. Const 1963, art 1, § 20 provides, in relevant part, that "[i]n *every* criminal prosecution, the accused shall have the right . . . to have the assistance of counsel for his or her defense." Although this language is nearly identical to that appearing in the Sixth Amendment, the Michigan Supreme Court has stated that "[n]o distinction is made between felonies and misdemeanors or types or seriousness of crimes in . . . the Constitution of Michigan." *People v Mallory*, 378 Mich 538, 556; 147 NW2d 66 (1967).[1] This parallel

---

[1] In *People v Lewis*, 15 Mich App 225, 227; 166 NW2d 491 (1968), the Court attempted to draw a distinction between felonies and misdemeanors as was done in *Scott*. The Court reasoned that because the then-extant court rules provided that those charged with felonies, but not those charged with misdemeanors, had to be advised of their right to counsel, Const 1963, art 1, § 20 was not offended where a defendant convicted of a misdemeanor had not been advised of his right to counsel. However, the court rules have since been amended to provide that a defendant charged with a misdemeanor must be advised of his right to the assistance of an attorney. MCR 6.610(D)(1)(c)(i). Therefore, the reasoning of *Lewis* , having been superseded by court rule, is no longer good law.

treatment of those charged with misdemeanors and felonies is echoed in the court rules, which provide that a defendant must be apprised of the right to counsel when charged with either type of offense. MCR 6.104(E)(3); MCR 6.610(D)(1)(c)(i); see also n 1, *supra.*

In sum, while under the federal constitution a defendant has no right to counsel where convicted of a misdemeanor and where no incarceration is imposed, under the Michigan Constitution a defendant does have the right to counsel when charged with a misdemeanor regardless of whether incarceration is imposed as a result of the conviction. Therefore, a constitutional infirmity exists where, as here, a defendant is convicted of a misdemeanor without benefit of counsel and without having waived the right to counsel.[2] Hence, I would hold that it was error for the trial court to use defendant's prior larceny conviction to elevate the present offense from a misdemeanor to a felony. See *People v Miller,* 179 Mich App 466, 469; 446 NW2d 294 (1989) (a constitutionally infirm conviction cannot be used to enhance punishment). In accordance with established principles, I would reverse defendant's conviction and remand for entry of a conviction of second-degree retail fraud. See *People v Jenkins,* 395 Mich 440, 443; 236 NW2d 503 (1975).

---

[2] Our Supreme Court may wish to align its interpretation of Const 1963, art 1, § 20 with the United States Supreme Court's interpretation of the analogous Sixth Amendment of the federal constitution. However, until it does so, this Court is bound by its most recent statement on the matter, that occurring in *Mallory,* in which misdemeanor and felony prosecutions were *expressly* grouped together. It is the Supreme Court's obligation to overrule or modify case law if it becomes obsolete, and, until it takes such action, this Court and all lower courts are bound by that authority. *Boyd v W G Wade Shows,* 443 Mich 515, 523; 505 NW2d 544 (1993).