# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
March 21, 2017

v

No.   330431
Oakland Circuit Court
LC No.   2015-253775-FH

EDWARD MARK KOWALSKI,

        Defendant-Appellant.

Before:  TALBOT, C.J., and MURRAY and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his conviction, following a jury trial, of operating while license suspended causing serious injury, MCL 257.904(5).  The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 46 months to 20 years' imprisonment.  We affirm.

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from an incident that occurred on February 23, 2015.  While backing up his vehicle in a pharmacy parking lot, defendant struck a pedestrian.  The victim was treated in the hospital for approximately 22 days (including approximately six days in intensive care) for a skull fracture, subdural and subarachnoid hemorrhages and hematomas, and frequent seizures.  Although the victim survived the accident, he continued at the time of trial to suffer from severe headaches and neck and back pain.  Defendant argued at trial that, at the time of the accident, he had no notice that his license had been suspended and he believed the license was valid.  Defendant was convicted as described above.

At sentencing, defense counsel did not object to the scoring of any prior record variables (PRVs).  The prosecution indicated to the trial court that defendant had at least five misdemeanor convictions that would change PRV 5 (prior misdemeanor convictions or misdemeanor adjudications) from the 10 points scored by the probation department to 15 points, and the trial court accepted this change.  The prosecution also argued that offense variable (OV) 17 (degree of negligence exhibited) should be scored at 10 points instead of zero because defendant displayed a wanton and reckless disregard for the victim's life.  The trial court agreed, stating that defendant had backed up without looking behind him first.

-1-

After sentencing, defendant moved the trial court for resentencing, arguing that PRV 5 was erroneously scored, and that the scoring of OV 17 was based on facts not necessarily found by a jury or admitted by defendant, in violation of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). Defendant also argued that he received ineffective assistance of counsel at trial and requested a *Ginther*[1] hearing to develop the record accordingly. At the hearing on defendant's motion, however, defendant withdrew his motion for resentencing and a *Ginther* hearing. This appeal followed. Defendant also moved this Court to remand his case for a *Ginther* hearing, which this Court denied.[2]

## II. PRV SCORING

Defendant argues that the trial court incorrectly scored PRVs 2 (prior low severity felony convictions) and 5 (prior misdemeanor convictions) at sentencing because many of his prior convictions occurred more than 10 years before the current offense, and defendant was not represented by counsel in some of those earlier proceedings. We disagree.

We review this unpreserved[3] argument for plain error affecting substantial rights. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004); *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). Defendant may obtain relief only if "(1) error . . . occurred, (2) the error was plain, i.e., clear or obvious, (3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999); see also MRE 103(d). Reversal based on plain error is only warranted where "the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity, or public reputation of the judicial proceedings independent of the defendant's innocence." *Carines*, 460 Mich at 763-764 (quotation marks and citation removed).

PRVs 2 and 5 are scored based on the number of prior low severity felony convictions and prior misdemeanor convictions. See MCL 777.52; MCL 777.55. The scoring of both PRVs is subject to MCL 777.50, which eliminates some prior convictions from being calculated under PRVs 2 and 5. MCL 777.50 provides as follows:

(1) In scoring prior record variables 1 to 5, do not use any conviction or juvenile adjudication that precedes a period of 10 or more years between the discharge

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

[2] *People v Kowalski*, unpublished order of the Court of Appeals, issued February 7, 2017 (Docket No. 330431).

[3] Although defendant failed to object to the scoring of the PRVs, and the issue is therefore unpreserved, defendant did not "clearly express[ ] satisfaction" with the scoring. We therefore conclude, contrary to the prosecution's argument, that defendant did not waive this issue. See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011); *People v Hershey*, 303 Mich App 330, 350-351; 844 NW2d 127 (2013) (applying the waiver doctrine less heavily in the context of sentencing errors).

date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication.

(2) Apply subsection (1) by determining the time between the discharge date for the prior conviction or juvenile adjudication most recently preceding the commission date of the sentencing offense. If it is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and determine the time between the commission date of that prior conviction and the discharge date of the next earlier prior conviction or juvenile adjudication. If that period is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and repeat this determination for each remaining prior conviction or juvenile adjudication until a period of 10 or more years is found or no prior convictions or juvenile adjudications remain.

(3) If a discharge date is not available, add either the time defendant was sentenced to probation or the length of the minimum incarceration term to the date of the conviction and use that date as the discharge date. [MCL 777.50.]

In other words, if the defendant has a 10-year gap between convictions or juvenile adjudications, all offenses preceding the gap will be ignored for purposes of PRV calculation. *People v Butler*, ___ Mich App ___; ___ NW2d ___ (Docket No. 327430, issued June 2, 2016); slip op at 3-4.

Crimes that cannot be considered under specific PRVs are nonetheless considered when calculating whether a 10-year gap between convictions or juvenile adjudications existed under MCL 777.50. See *Butler*, ___ Mich App at ___; slip op at 4. However, dismissed charges are not considered under MCL 777.50. See MCL 777.50(4)(a); *People v James*, 267 Mich App 675, 679; 705 NW2d 724 (2005). Further, "a criminal conviction obtained in violation of a defendant's right to counsel cannot be used to enhance a sentence." *People v Hannan*, 200 Mich App 123, 128; 504 NW2d 189 (1993). In Michigan, a defendant has the right to counsel for felonies and for misdemeanors where incarceration is the actual penalty for conviction. *People v Justice*, 216 Mich App 633, 637-638; 550 NW2d 562 (1996). There is no constitutional right to counsel in a misdemeanor prosecution where no incarceration is ultimately imposed. *People v Richert*, 216 Mich App 186, 194; 548 NW2d 924 (1996).

To demonstrate that a prior conviction was obtained in violation of the right to counsel, a defendant first "must present prima facie proof that a prior conviction violated [the defendant's right to counsel], or present evidence that the sentencing court either 'failed to reply' to a request for or 'refused to furnish' requested copies of records and documents." *People v Carpentier*, 446 Mich 19, 32; 521 NW2d 195 (1994). Once the defendant has satisfied this requirement, a hearing is held in which the burden shifts to the prosecution to establish that the prior conviction was not obtained in violation of the defendant's right to counsel. *Id*. at 31.

In the present case, defendant has failed to properly establish that any of his prior convictions occurred in violation of his constitutional right to counsel. Defendant's sole evidence that any of his prior convictions occurred without counsel was that the Presentence Investigation Report (PSIR) noted that it was unknown whether defendant was represented for certain of his convictions. Defendant also provided a handwritten note from the trial court that adjudicated his 2011 trespass conviction stating that the court had no information regarding the conviction. However, evidence demonstrating that a court does not have records concerning a defendant's prior conviction or that information on the PSIR is incomplete is not sufficient to establish prima facie proof that a prior conviction violated the defendant's right to counsel. See *id*. at 32, 34-36. Because defendant failed to demonstrate that any of his prior convictions were obtained in violation of his constitutional right to counsel, all of his prior convictions were properly considered by the trial court under MCL 777.50. Moreover, MCL 777.50's prohibition on considering prior convictions preceding a 10-year conviction-free gap bars consideration of none of defendant's prior convictions in calculating defendant's sentencing variables, as the offense commission date relating to each of defendant's prior convictions occurred within 10 years of the discharge date of the preceding one. See MCL 777.50(2).

## III. OV 17 SCORING

Defendant also argues that the trial court erred by scoring 10 points for OV 17 (degree of negligence exhibited) because it constituted impermissible judicial fact-finding under *Lockridge*. We disagree.

As a nonstructural, constitutional error, "[a] *Lockridge* error . . . must be reviewed for harmless error." *People v Stokes*, 312 Mich App 181, 198; 877 NW2d 752 (2015); *People v Terrell*, 312 Mich App 450, 464; 879 NW2d 294 (2015). However, because defendant failed to properly preserve this issue by objecting to the scoring of OV 17 on *Lockridge* grounds, this Court reviews for plain error affecting substantial rights. *Kimble*, 470 Mich at 312.

In *Lockridge*, 498 Mich at 387-389, our Supreme Court held that Michigan's mandatory sentencing guidelines were unconstitutional because they allowed defendants' minimum sentences to be increased based on facts found by a judge rather than by a jury beyond a reasonable doubt, as the Sixth Amendment requires. Accordingly, our Supreme Court ruled that the sentencing guidelines would thereafter be advisory, not mandatory, and that departures from the sentencing guidelines would be reviewed on appeal for reasonableness. *Id*. at 391-392. Because our Supreme Court cured the constitutional error committed by judicial fact-finding by rendering the sentencing guidelines advisory, *Lockridge* did not require future courts to refrain from participating in judicial fact-finding. See *id*. at 392 n 28 ("Our holding today does nothing to undercut the requirement that the highest number of points possible *must* be assessed for all OVs, whether using judge-found facts or not."); see also *People v Biddles*, ___ Mich App ___; ___ NW2d ___ (Docket No. 326140, issued June 30, 2016); slip op at 5-6 ("The constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a *mandatory* minimum sentence range, which constitutional violation was remedied in *Lockridge* by making the guidelines *advisory*, not by eliminating judicial fact-finding."). Accordingly, a defendant sentenced after the July 29, 2015 *Lockridge* decision cannot establish plain error by demonstrating that judicial fact-finding occurred during sentencing. See

-4-

*Lockridge*, 498 Mich at 397; *Biddles*, ___ Mich App at ___; slip op at 5-6. A defendant sentenced before the July 29, 2015 *Lockridge* decision establishes plain error by demonstrating that (1) his "guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment and (2) [his] sentence[ ] [was] not subject to an upward departure." *Id*. at 395.

Defendant was sentenced on November 4, 2015, after the *Lockridge* decision. At that time, the sentencing guidelines were advisory. *Lockridge*, 498 Mich at 391-392. Because the sentencing guidelines were advisory, the use of judicial fact-finding did not violate defendant's Sixth Amendment rights because it did not raise defendant's *mandatory* minimum sentence. See *id*. at 392 n 28; *Biddles*, ___ Mich App at ___; slip op at 5-6. Further, "*Lockridge* did not alter or diminish MCL 769.34(10)," *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 580 (2016), which requires this Court to affirm a sentence within the guidelines sentence range "absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence," MCL 769.34(10). Accordingly, we affirm defendant's sentence.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues in his Standard 4[4] brief that he received the ineffective assistance of counsel because defense counsel failed to object to the scoring of PRVs 2 and 5 and OV 17. However, as stated above, the trial court properly calculated the PRVs and OVs. Defense counsel does not render ineffective assistance of counsel when refusing to raise futile objections. See *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).

Finally, because resentencing is not warranted, we need not consider defendant's argument that the case should be assigned to a different judge on remand.

Affirmed.

/s/ Michael J. Talbot
/s/ Christopher M. Murray
/s/ Mark T. Boonstra

---

[4] A supplemental brief filed in propria persona pursuant to Supreme Court Administrative Order No. 2004–6, Standard 4.